IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CREATIVE TRADE GROUP, INC, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRADE ALLIANCE, INC., a Florida Corporation, and MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, an Illinois Corporation,<br><br>Defendants. | FILED: MAY 5, 2008<br>Case No. 08CV2561      TG<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT

NOW COMES the Plaintiff, CREATIVE TRADE GROUP, INC, by and through its attorneys, AZULAYSEIDEN LAW GROUP, and complaining against the Defendants, INTERNATIONAL TRADE ALLIANCE, INC. and MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, states as follows:

### *Parties*

1.   The Plaintiff, CREATIVE TRADE GROUP, INC. ("CTG"), is a Connecticut corporation with a principal place of business in Connecticut. CTG is in the business of, *inter alia*, purchase and export of luxury automobiles and boats.

2.   The Defendant, INTERNATIONAL TRADE ALLIANCE, INC. ("ITA"), is a Florida corporation in the business of, *inter alia*, purchase and export of luxury automobiles.

3. The Defendant, MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO ("McGrath"), is an Illinois corporation operating as an automobile dealership in the Northern District of Illinois.

4. Upon information and belief, ITA and McGrath have a long standing relationship wherein ITA, either directly or by way of a third party, purchases luxury automobiles from McGrath ultimately exporting them to foreign countries. ITA had and currently has an open account with McGrath to allow for easy and speedy transactions.

## *Jurisdiction and Venue*

5. Jurisdiction over this action is proper in the United States District Court based upon diversity pursuant to 28 USC §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as McGrath's principal place of business is in the Northern District of Illinois.

7. Further, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois, *to wit*, the purchase of the automobiles and shipment of same.

8. Venue is proper is further proper in the Northern District of Illinois as ITA's officers maintain a principal residence in same.

## *General Allegations*

9. In December 2007 CTG became aware of the availability of two of the more uncommon Lexus luxury automobiles and entered into an agreement with a non-party, TVD Global Trade USA ("TVD"), wherein CTG was going to purchase these automobiles from

McGrath and TVD would arrange for shipment of same to CTG (hereinafter referred to as the "Contract").

10. TVD maintained a close business relationship with ITA often transacting much of its business with ITA.

11. Due to the nature of this transaction and ITA's prior close business relationship with McGrath, TVD advised CTG to deposit the funds for the automobiles directly into ITA's open account at McGrath. CTG was advised that doing this would expedite the transaction.

12. In furtherance of the Contract, on or about January 18, 2008, CTG forwarded by wire transfer $171,388.00 ("Payment") to McGrath as advance payment for the purchase of two automobiles with Vehicle Identification Number ("VIN") ending in 000514 and 400468. A true and correct copy of the Payment transaction is attached hereto as Exhibit A.

13. On January 22, 2008, CTG sent a letter to McGrath advising McGrath apply the Payment received on Friday, January 18, 2008, from CTG towards the purchase of the following two (2) automobiles; 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468) ("Cars"). A true and correct copy of the January 22, 2008, Letter is attached hereto as Exhibit B.

14. On February 13, 2008, and before the Cars were delivered to anyone, CTG, through its attorneys, sent a letter to McGrath requesting the return of the Payment. A true and correct copy of the February 13, 2008, Letter is attached hereto as Exhibit C. The letter made clear that McGrath was NOT to deliver the Cars and was instead to return the Payment.

15. However, despite actual notice to the contrary, at the end of February 2008 McGrath delivered two (2) cars, the same model automobiles but different VIN numbers, to ITA

3

(hereinafter referred to as the "Second Set of Cars"). At no time was McGrath ever to deliver either the Cars or the Second Set of Cars to ITA.

16. McGrath has also failed and refused to return the Payment to CTG.

17. ITA received the Second Set of Cars, but failed and refused to deliver them to CTG or otherwise release them in any fashion. ITA further refused to compensate CTG for the Payment instead.

18. On March 24, CTG, through its attorneys, demanded, via written notification, the immediate release and transfer of the Second Set of Cars from ITA along with all original documentation, titles and the like.

19. Despite the demand, ITA failed and refused to comply.

20. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has defaulted on its sales delivery to a third party.

### *Count I – Replevin as Against ITA*

21. CTG repeats and restates ¶¶1-20 as ¶21 of this Count I as if more fully stated herein.

22. Plaintiff CTG is lawfully entitled to possession of the Second Set of Cars as those cars had been fully paid for by CTG.

23. The Second Set of Cars is wrongfully detained by defendant ITA.

24. CTG has demanded surrender of the Second Set of Cars and ITA has failed to surrender same.

25. The Second Set of Cars has not been taken for any tax, assessment, or fine levied against the property of CTG, nor seized under any lawful process against the CTG's goods and chattel, nor held by virtue of any order for replevin against.

26. The value of the property is $171,388.00.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., issuing an Order of Replevin for the following relief:

    a. Possession of the property;

    b. The value of property not delivered;

    c. Damages for the detention; and

    d. Grant any such further relief as this Court deems fair and just.

### *Count II - Bailment as Against ITA*

27. CTG repeats and restates ¶¶1-20 as ¶27 of this Count II as if more fully stated herein.

28. ITA received delivery of the Second Set of Cars in good condition from McGrath and paid for by CTG in or near the end of February, 2008.

29. The Second Set of Cars is wrongfully detained by defendant ITA.

30. CTG has demanded surrender of the Second Set of Cars and ITA has failed to surrender same.

31. At this time ITA has still not delivered the Second Set of Cars to CTG.

32. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has been damaged in the amount of the Payment.

Additionally, the Defendants' actions have caused CTG to default on its sales delivery to a third party.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus prejudgment interest, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

### *Count III – Conversion as Against ITA*

33. CTG repeats and restates ¶¶1-20 as ¶33 of this Count III as if more fully stated herein.

34. On January 22, 2008, CTG sent a letter to McGrath requesting McGrath apply the Payment received on Friday, January 18, 2008, from CTG towards the purchase of Cars.

35. These automobiles with VIN numbers ending in 400468 and 000514 were never delivered.

36. On February 13, 2008 and before the Cars were delivered to anyone, CTG sent a letter to McGrath requesting the return of the Payment. The letter made clear that McGrath was NOT to deliver the Cars and was instead to return the Payment.

37. Despite CTG's instructions, McGrath delivered the Second Set of Cars to ITA.

38. ITA received delivery of the Second Set of Cars in good condition from McGrath and paid for by CTG in or near the end of February, 2008.

39. ITA had no right or authority to receive the Second Set of Cars.

40. The Second Set of Cars is wrongfully detained by defendant ITA.

41. CTG has demanded surrender of the Second Set of Cars and ITA has failed to surrender same.

42. At this time ITA has still not delivered the Second Set of Cars to CTG.

43. ITA has thus deprived CTG of personal property, namely the Second Set of Cars, without CTG's consent.

44. By converting the Second Set of Cars, ITA has excluded CTG from the use and enjoyment of same.

45. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has been damaged in the amount of the Payment. Additionally, the Defendants' actions have caused CTG to default on its sales delivery to a third party.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus prejudgment interest, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

### *Count IV – Unjust Enrichment as Against ITA*

46. CTG repeats and restates ¶¶1-20 as ¶46 of this Count IV as if more fully stated herein.

47. On or about January 18, 2008, CTG forwarded by wire transfer the Payment to McGrath for the purchase of the Cars. CTG expected delivery of the Cars in return.

48. ITA acknowledged, accepted, and benefited from the Payment that CTG wired to McGrath for said Cars when the Second Set of Cars were delivered to ITA.

49. ITA did not have the right or authority to receive the Second Set of Cars nor did it deliver the Second Set of Cars to CTG.

50. It would be inequitable and unconscionable for ITA to enjoy the benefit of receiving the Second Set of Cars from McGrath because ITA obtained the cars from McGrath without having to pay for them. CTG did not receive the benefit of the Cars (or any automobile for that matter) because ITA did not deliver the Second Set of Cars that CTG paid for.

51. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has been damaged in the amount of the Payment. Additionally, the Defendants' actions have caused CTG to default on its sales delivery to a third party.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, MCGRATH LEXUS OF CHICAGO, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus prejudgment interest, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

### *Count V – Conversion as Against McGrath*

52. CTG repeats and restates ¶¶1-20 as ¶52 of this Count V as if more fully stated herein.

53. On January 22, 2008, CTG sent a letter to McGrath requesting McGrath apply the Payment received on Friday, January 18, 2008, from CTG towards the purchase of Cars. The

Payment was received by McGrath into a specifically identified account for the purchase of the specifically identified Cars.

54. These automobiles with VIN numbers ending in 400468 and 000514 were never delivered.

55. On February 13, 2008 and before the Cars were delivered to anyone, CTG sent a letter to McGrath requesting the return of the Payment. The letter made clear that McGrath was NOT to deliver the Cars and was instead to return the Payment.

56. Despite actual knowledge that it was not supposed to deliver the Cars, and that McGrath was instead supposed to deliver the Payment back to CTG, McGrath did not return the Payment and therefore converted those funds.

57. McGrath thus deprived CTG of personal property, namely $171,388.00, without CTG's consent.

58. By converting the money, McGrath has excluded CTG from the use and enjoyment of said money.

59. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has been damaged in the amount of the Payment. Additionally, the Defendants' actions have caused CTG to default on its sales delivery to a third party.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, in an amount in excess of SEVENTY FIVE

THOUSAND DOLLARS ($75,000.00) plus prejudgment interest, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

### *Count VI - Unjust Enrichment as Against McGrath*

60. CTG repeats and restates ¶¶1-20 as ¶60 of this Count VI as if more fully stated herein.

61. On or about January 18, 2008, CTG forwarded by wire transfer the Payment to McGrath for the purchase the Cars. CTG expected delivery of the Cars in return.

62. McGrath acknowledged, accepted, and benefited from the Payment that CTG wired to McGrath for said Cars.

63. McGrath did not deliver the Cars requested.

64. On February 13, 2008 and before the Cars were delivered to anyone, CTG, through its attorneys, sent a letter to McGrath requesting the return of the Payment.

65. Despite actual notice to the contrary, McGrath delivered two non-conforming automobiles to ITA, and furthermore did not return the Payment to CTG as demanded in the February 13, 2008 letter.

66. It would be inequitable and unconscionable for McGrath to enjoy the benefit of receiving the Payment from CTG because CTG did not receive the benefit of the Cars (or any automobile for that matter) and because CTG specifically directed McGrath to return the money and not to deliver any automobiles.

67. As a result of McGrath's delivery of the Second Set of Cars to ITA, ITA's failure to release the Second Set of Cars and both Defendants' failure to either return the Payment or otherwise compensate CTG therefore, CTG has been damaged in the amount of the Payment.

Additionally, the Defendants' actions have caused CTG to default on its sales delivery to a third party.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus prejudgment interest, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

### *Count VII - Violation of Illinois Consumer Fraud and Deceptive Business Practices Act as Against McGrath*

68. CTG repeats and restates ¶¶1-20 as ¶68 of this Count VII as if more fully stated herein.

69. In furtherance of the Contract, on or about January 18, 2008, CTG forwarded by wire transfer the Payment to McGrath as advance payment for the purchase the Cars.

70. On January 22, 2008, CTG sent a letter to McGrath advising McGrath apply the Payment received on Friday, January 18, 2008, from CTG towards the purchase of the Cars.

71. McGrath was supposed to use the Payment CTG deposited into ITA's account for the purchase of the Cars and ultimate delivery of same via TVD to CTG.

72. On February 13, 2008 and before the Cars were delivered to anyone, CTG, through its attorneys, sent a letter to McGrath requesting the return of the Payment. The letter made clear that McGrath was NOT to deliver the Cars and was instead to return the Payment.

73. At no time did McGrath advise CTG that it was not going to comply with CTG's February 13, 2008 direction.

74. Based upon McGrath and ITA's long standing business relationship, upon information and belief, it was McGrath's intent that CTG be induced to rely on this non-action

from McGrath's such that CTG believed that McGrath was abiding by CTG's direction to stop performance and not deliver the Cars. This way McGrath was able to keep the Payment and satisfy its long standing customer, ITA to the detriment of CTG.

75. However, despite actual notice to the contrary, McGrath delivered the Second Set of Cars to ITA and not CTG.

76. McGrath's actions occurred in the course of commerce

77. McGrath's intent to deceive caused damages to CTG in that CTG has lost the value of the Cars, the Second Set of Cars, the Payment and has further defaulted on its obligations to a third party for the delivery of the Cars.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP, INC, respectfully requests that this Court enter judgment in its favor and against the Defendant, MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus punitive damages, attorneys fees and costs, and further grant any such additional relief and this Court deems fair and just.

Dated: May 5, 2008                                              Respectfully submitted,


                                                                By:/s/ Glenn Seiden
                                                                Glenn Seiden (Bar ID# 2543761)
                                                                AzulaySeiden Law Group
                                                                Attorneys for the Plaintiff
                                                                205 North Michigan Avenue, 40th Fl
                                                                Chicago, Illinois 60601
                                                                (312) 832-9200
                                                                gseiden@azulayseiden.com

# EXHIBIT A
# PAYMENT TRANSACTION

# People's United Bank

## Domestic Wire Transfer Form

* Required Field
Does this request need to be forwarded for approval?* ○ No ● Yes
Email Id of person who will approve this request: Bob A King/Bank/Peoples*

Date: 01/18/2008
Time: 11:17 AM

Any wire requests made on a weekend and federal holiday or after 3:30 PM will be held until the next business day

RC #: 738*
Amount: 171,388.00*

### Sender Bank Information
Name: People's United Bank
ABA#: 221172186

### Receiving Bank Information
Name: MB FINANCIAL BANK, NATIONAL ASSOC.*
ABA#: 071923310*

### Beneficiary's Bank Information
Name:
ABA#:

### Beneficiary's Information
Name: MCGRATH LEXUS OF CHICAGO*
Account #: 109125460*
Address 1: 1250 W. DIVISION ST.
Address 2:
City, State, Zip: CHICAGO, IL 60622
Add'l Ref/Gen.OBI: FOR ITA - 400468/000514

### Further Credit Information
Name:
Account #:
Address 1:
Address 2:
City, State, Zip:
Additional/Ref Info:

### Originator Information
Name: CREATIVE TRADE GROUP*
ID Type/ ID # /Exp Date: CDL 156731051 03/21/02-03/24/08*
Acct Type: ☒ DDA *
Account #: Account Number: 0387013501*
Please enter the 10 digit DDA account number
Address: 10 MEAD STREET UNIT 11*
City, St, Zip: STAMFORD, CT 06907*

### Employee Information
Name: Terri L Zezima
Emp #: 01997
Extension: [8-038-1000]; 203-348-2219
Title: SD/SR FINANCIAL SERVICES ASSOC

Signature: By Signing, I authorize People's United Bank to Wire Transfer the designated amount above to the named beneficiary. I have provided the information used on the Domestic Wire Transfer Form and accept responsibility for its accuracy. I further authorize People's United Bank to debit the above referenced account held at People's United Bank to complete the transfer, which includes a processing fee as disclosed in our schedule of fees. In the event the designated beneficiary does not receive the funds to be transferred because the beneficiary's name or account information is not correct, I agree to indemnify and hold People's United bank harmless against any loss.

Customer Signature: [signature]    Employee Signature: [signature]
01 997

# EXHIBIT B

# 1/22/2008 Letter

**C**reative
**T**rade
**G**roup



10 Mead Street, Suite 11 • Stamford, CT 06907
Tel: (203) 820-4601   Fax: (203) 461-9459

January 22, 2008

McGrath Lexus of Chicago
1250 W. Division Street
Chicago, IL 60622
Attn.: Finance Department

Dear Sir or Madam:

Please apply the wire transfer in the amount of $171,388.00 received on Friday, January 18, 2008 from Creative Trade Group, Inc. towards purchase of 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468) on behalf of ITA.

Thank you,

Gregory Katz
President

# EXHIBIT C
# 2/13/2008 Letter



# AZULAYSEIDEN LAW GROUP

205 North Michigan Ave. | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 | fx. 312.832.9212 | www.azulayseiden.com

FROM THE DESK OF:
Glenn Seiden
312.832.9200 x221
gseiden@azulayseiden.com

February 13, 2008

Mr. Michael Simon
McGrath Lexus
1250 W. Division Street
Chicago, Illinois 60622

Re:  *Creative Trade Group, Inc. - ITA*

Dear Mr. Simon:

On January 18, 2008, Creative Trade Group, Inc. through its principal, Greg Katz caused a wire transfer in the amount of $171,288.00 to be forwarded to your dealership for the purchase through ITA of two automobiles. The VIN numbers are reference by the last six digits on the additional reference line.

Apparently, the relationship between Creative and ITA was such that Creative choose to send the money and the automobile reference directly to your dealership. Now that it has become evident, through no fault of McGrath, that the cars are unavailable, my client would like to receive the return of the funds.

I am aware that you have had a long standing satisfactory relationship with ITA and indeed, it is that relationship that Creative relied upon to obtain the specific automobile ordered. However, the money belongs to my client, who upon the belief that he would receive the autos in question, paid in full in advance.

Please review this matter and advise when and how the funds can be transferred to my client.

Very Truly Yours,

Glenn Seiden
AZULAYSEIDEN LAW GROUP