IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

CREATIVE TRADE GROUP, INC.,
a Connecticut Corporation,

    Plaintiff,

v.

INTERNATIONAL TRADE ALLIANCE,
INC., a Florida Corporation and MCGRATH-
COLOSIMO, LTD, d/b/a MCGRATH LEXUS
OF CHICAGO, an Illinois Corporation.

    Defendants.
_____/

CASE NO: 08CV2561  TG
JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN

## MCGRATH-COLOSIMO, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT, AND DEMAND FOR TRIAL BY JURY

COMES NOW the Defendant, McGRATH-COLOSIMO, LTD, d/b/a McGRATH LEXUS OF CHICAGO, by and through its undersigned counsel and in accordance with Rule 8, of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to the Complaint and states as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint to the extent that International Trade Alliance, Inc. is a Florida corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and therefore denies the same and demands strict proof thereof.

3. Admitted.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint to the extent that it has a business relationship with ITA and to the extent that ITA purchases automobiles from McGrath Lexus. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant admits that Plaintiff is seeking damages in excess of $75,000. The remainder of paragraph 5 contains a legal conclusion to which no response is required.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required.

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent that an answer is required by Defendant, Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent that an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that ITA's officers maintain a residence in the Northern District of Illinois, and therefore denies same and demands strict proof thereof.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the

same and demands strict proof thereof.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same and demands strict proof thereof.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint to the extent that it received a wire transfer in the amount of $171,388.00 on or about January 18, 2008. Defendant is without knowledge as to the remaining allegations contained in paragraph 12 of the Complaint and therefore denies the same and demands strict proof thereof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same and demands strict proof thereof.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint to the extent that on or about February 13, 2008 a letter attached to the Complaint as Exhibit "C "was sent to the Defendant. Exhibit C speaks for itself. Defendant denies the remaining allegations contained in paragraph 14 and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16. Admitted.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies same and demands strict proof thereof.

18. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 18 of the Complaint and therefore denies same and demands strict proof thereof.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

### Count I - Replevin as Against ITA

21. Defendant incorporates by reference its answers to paragraphs 1-20 and 21 as though fully stated herein.

22. Count I of Plaintiff's Complaint as set forth in paragraphs 21-26 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 22 are denied.

23. Count I of Plaintiff's Complaint as set forth in paragraphs 21-26 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 23 are denied.

24. Count I of Plaintiff's Complaint as set forth in paragraphs 21-26 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 24 are denied.

25. Count I of Plaintiff's Complaint as set forth in paragraphs 21-26 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 25 are denied.

26. Count I of Plaintiff's Complaint as set forth in paragraphs 21-26 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 26 are denied.

### Count II - Bailment as Against ITA

27. Defendant incorporates by reference its answers to paragraphs 1-20 and 27 as though fully stated herein.

28. Count II of Plaintiff's Complaint as set forth in paragraphs 28-32 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 28 are denied.

29. Count II of Plaintiff's Complaint as set forth in paragraphs 28-32 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 29 including all sub-parts thereof are denied.

30. Count II of Plaintiff's Complaint as set forth in paragraphs 28-32 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph

30 are denied.

31. Count II of Plaintiff's Complaint as set forth in paragraphs 28-32 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraphs 31 are denied.

32. Count II of Plaintiff's Complaint as set forth in paragraphs 28-32 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 32 are denied.

### Count III - Conversion as Against ITA

33. Defendant incorporates by reference its answers to paragraphs 1-20 and 33 as though fully stated herein.

34. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 34 are denied.

35. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 35 are denied.

36. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required. To the extent any response is required, the Defendant admits only that on or about February 13 a letter was sent to Defendant, Defendant denies the remaining allegations of paragraph 36.

37. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 37 are denied.

38. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 38 are denied.

39. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 39 are denied.

40. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 40 are denied.

41. Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph

41 are denied.

42.　Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 42 are denied.

43.　Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 43 are denied.

44.　Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 44 are denied.

45.　Count III of Plaintiff's Complaint as set forth in paragraphs 34-45 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required, the allegations of paragraph 45 are denied.

### Count IV - Unjust Enrichment as Against ITA

46.　Defendant incorporates by reference its answers to paragraphs 1-20 and 46 as though fully stated herein.

47.　Count IV of Plaintiff's Complaint as set forth in paragraphs 47-51 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required. To the extent any response is required to paragraph 47 by the Answering Defendant, the Answering Defendants admits that on or about January 18, 2008 it received a wire transfer purportedly from CTG. Defendant denies the remaining allegations of paragraphs 47 and demands strict proof thereof.

48. Count IV of Plaintiff's Complaint as set forth in paragraphs 47-51 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 48 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies the same and demands strict proof thereof.

49. Count IV of Plaintiff's Complaint as set forth in paragraphs 47-51 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 49 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore denies the same and demands strict proof thereof.

50. Count IV of Plaintiff's Complaint as set forth in paragraphs 47-51 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 50 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51. Count IV of Plaintiff's Complaint as set forth in paragraphs 47-51 including the un-

numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 51 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies the same and demands strict proof thereof.

## Count V- Conversion as Against McGrath

52. Defendant incorporates by reference its answers to paragraphs 1-20 and 52 as though fully stated herein.

53. Defendant admits the allegations contained in paragraph 53 of the Complaint to the extent that on or about January 18, 2008 it received a wire transfer in the amount of $171,388.00. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and therefore denies same and demands strict proof thereof.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the same and demands strict proof thereof.

55. Defendant admits the allegations contained in paragraph 55 of the Complaint to the extent that on or about February 13, 2008 a letter attached to the Complaint as Exhibit "C" was sent to the Defendant. Defendant denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint and demands strict proof thereof.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint and demands strict proof thereof.

### Count VI - Unjust Enrichment as Against McGrath

60. Defendant incorporates by reference its answers to paragraphs 1-20 and 60 as though fully stated herein.

61. Defendant admits the allegations contained in paragraph 61 of the Complaint to the extent that on or about January 18, 2008 it received a wire transfer. Defendant denies the remaining allegations contained in paragraph 61 and demands strict proof thereof.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint and demands strict proof thereof.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint and demands strict proof thereof.

64. Defendant admits the allegations contained in paragraph 64 of the Complaint to the extent that on or about February 13, 2008 a letter attached to the Complaint as Exhibit "C" was sent to the Defendant.

65. Defendant admits the allegations contained in paragraph 65 to the extent that the "Payment" was not returned to CTG. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint

and therefore denies same and demands strict proof thereof.

66. Paragraph 66 of the Complaint contains a legal conclusion and does not contain any factual allegations. An answer is therefore not required. However, to the extent that an answer is required, Defendant denies the allegations contained in paragraph 66 and demands strict proof thereof.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint and demands strict proof thereof.

### Count VII - Violation of Illinois Consumer Fraud and Deceptive Business Practices Act as Against McGrath

68. Defendant incorporates by reference its answers to paragraphs 1-20 and 68 as though fully stated herein.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies same and demands strict proof thereof.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies same and demands strict proof thereof.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint and demands strict proof thereof.

72. Defendant admits the allegations contained in paragraph 72 of the Complaint to the extent that on or about February 13, 2008 a letter attached to the Complaint as Exhibit "C" was sent to the Defendant. Exhibit C speaks for itself. Defendant denies the remaining

allegations contained in paragraph 72 and demands strict proof thereof.

73.  Defendant denies the allegations contained in paragraph 73 of the Complaint and demands strict proof thereof.

74.  Defendant denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75.  Defendant denies the allegations contained in paragraph 75 of the Complaint and demands strict proof thereof.

76.  Paragraph 76 of the Complaint is a legal conclusion rather than a factual allegation and therefore an answer is not required.  However, to the extent that an answer may be deemed required, Defendant denies the allegations contained in paragraph 76 of the Complaint and demands strict proof thereof.

77.  Defendant denies the allegations contained in paragraph 77 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Count V of the Complaint fails to state a claim upon which relief can be granted because the allegedly converted money is not capable of being described, identified, or separated.

### SECOND AFFIRMATIVE DEFENSE

Count VII of the Complaint fails to state a claim upon which relief can be granted because the Illinois Consumer Fraud and Deceptive Practices Act can not be invoked by a non-resident of Illinois because it provides protection only where an Illinois consumer has been injured.

## JURY DEMAND

Defendant demands a jury trial in this cause.

WHEREFORE, McGrath Colosimo, Ltd., denies any and all liability to Plaintiff and prays for judgment in its favor and against Plaintiff, together with costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished via electronic filing this 5th day of June, 2008 to Glenn Seiden, Esq., Azulay Seiden Law Group, 205 North Michigan Avenue, 40th Floor, Chicago, IL 60601.

By:/s/ JONATHAN B. KNISLEY, Esq
Illinois Bar ID 06293142
ARNSTEIN & LEHR, LLP
Local Counsel for Defendants
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Tel No. 312-876-7100
Fax No.312-876-0288
JBKnisley@arnstein.com

ROMAN GROYSMAN, Esq
Florida Bar NO. 65802
GINNIS & GROYSMAN, P.A.
Attorney for Defendants
600 S Andrews Avenue Suite 406
Fort Lauderdale, FL 33301
Tel No. 954- 712-0505
Fax No. 954-712-0501
rgroysman@FloridaCivilAttorneys.com