IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

CREATIVE TRADE GROUP, INC.,
a Connecticut Corporation,

      Plaintiff,

v.

INTERNATIONAL TRADE ALLIANCE,
INC., a Florida Corporation and MCGRATH-
COLOSIMO, LTD, d/b/a MCGRATH LEXUS
OF CHICAGO, an Illinois Corporation.

      Defendants.

_____/

CASE NO: 08CV2561  TG
JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN

## INTERNATIONAL TRADE ALLIANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT, AND DEMAND FOR TRIAL BY JURY

COMES NOW the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., by and through its undersigned counsel and in accordance with Rules 8, and 12 of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to the Complaint, and states as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2.      Admitted.

3.      Admitted.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint to the

extent that it has a business relationship with McGrath Lexus and to the extent that Defendant purchases automobiles from McGrath Lexus. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

5.      Defendant admits that Plaintiff is seeking damages in excess of $75,000. The remainder of paragraph 5 contains a legal conclusion to which no response is required.

6.      Paragraph 6 of the Complaint contains a legal conclusion to which no response is required.

7.      Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent that an answer is required by Defendant, Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8.      Paragraph 8 of the Complaint contains a legal conclusion to which no response is required.

9.      Defendant denies the allegations contained in paragraph 9 of the complaint and demands strict proof thereof.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint to the extent that TVD purchased numerous cars from ITA over a period of time, Defendant is without knowledge or information sufficient to form a belief as to what percentage of this overall business TVD transacted with ITA, Defendant therefore denies the remaining allegations contained in paragraph 10 and demands strict proof thereof.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same and demands strict proof thereof.

12.    Defendant denies the allegation contained in paragraph 12 of the Complaint and demands strict proof thereof.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies same and demands strict proof thereof.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16.    Admitted.

17.    Defendant admits the allegations contained in paragraph 17 of the Complaint to the extent that the Payment was not returned to CTG.  Defendant denies the remaining allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint and

demands strict proof thereof.

## Count I - Replevin as Against ITA

21.     Defendant incorporates by reference its answers to paragraphs 1-20 and 21 as though fully stated herein.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

## Count II - Bailment as Against ITA

27.     Defendant incorporates by reference its answers to paragraphs 1-20 and 27 as though fully stated herein.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint and

demands strict proof thereof.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

**Count III - Conversion as Against ITA**

33.    Defendant incorporates by reference its answers to paragraphs 1-20 and 33 as though fully stated herein.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies same and demands strict proof thereof.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint and

demands strict proof thereof.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42.    Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43.    Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44.    Defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45.    Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

## Count IV - Unjust Enrichment as Against ITA

46.    Defendant incorporates by reference its answers to paragraphs 1-20 and 46 as though fully stated herein.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49.    Defendant admits the allegations contained in paragraph 49 of the Complaint to the extent that it did not deliver any cars to CTG.  Defendant denies the remaining allegations contained

in paragraph 49 of the Complaint and demands strict proof thereof.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

### Count V- Conversion as Against McGrath

52.    Defendant incorporates by reference its answers to paragraphs 1-20 and 52 as though fully stated herein.

53.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 53 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies the same and demands strict proof thereof.

54.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 54 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the same and demands strict proof thereof.

55.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required. To the extent any response is required to paragraph 55 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies the same and demands strict proof thereof.

56.     Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 56 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

57.     Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 57 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 57 of the Complaint and demands strict proof thereof.

58.     Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 58 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

59.     Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 59 by the

Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 59 of the Complaint and demands strict proof thereof.

**Count VI - Unjust Enrichment as Against McGrath**

60.     Defendant incorporates by reference its answers to paragraphs 1-20 and 60 as though fully stated herein.

61.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 61 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 61 of the Complaint  and demands strict proof thereof.

62.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 62 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 62 of the Complaint  and demands strict proof thereof.

63.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 63 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 63 of the Complaint  and demands strict proof thereof.

64.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required. To the extent any response is required to paragraph 64 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form an belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies the allegations contained in paragraph 64 of the Complaint and demands strict proof thereof.

65.    Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 65 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 65 of the Complaint and demands strict proof thereof.

66.    Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 66 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 66 of the Complaint and demands strict proof thereof.

67.    Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 67 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 67 of the Complaint and demands strict proof thereof.

**Count VII - Violation of Illinois Consumer Fraud
and Deceptive Business Practices Act as Against McGrath**

68.     Defendant incorporates by reference its answers to paragraphs 1-20 and 68 as though fully stated herein.

69.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 69 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies same and demands strict proof thereof.

70.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 70 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies same and demands strict proof thereof.

71.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 71 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore denies same and demands strict proof thereof.

72.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the unnumbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required.  To the extent any response is required to paragraph 72 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies same and demands strict proof thereof.

73.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 73 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies same and demands strict proof thereof.

74.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 74 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 75 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 75 of the Complaint and demands strict proof thereof.

76.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and

no response is therefore required.  To the extent any response is required to paragraph 76 by the Answering Defendant, the Answering Defendant denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

77.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 77 by the Answering Defendant, the Answering Defendant denies the allegations contained in Paragraph 77 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As for its First Affirmative Defense to Count(s) I and II of the Complaint, defendant avers that  Plaintiff was never entitled to the possession of or had any rights to what the Plaintiff calls "the Second Set of Cars".

### SECOND AFFIRMATIVE DEFENSE

As for its Second Affirmative Defense to the Complaint, Defendant avers that Count II fails to state a claim upon which relief may be granted because Plaintiff fails to allege that CTG and ITA had an agreement for ITA to take possession of the "Second Set of Cars" on behalf of CTG.

### THIRD AFFIRMATIVE DEFENSE

As for its Third Affirmative Defense, Defendant avers that Plaintiff has made no demand on the Defendants for the return of what it calls "the Second Set of Cars".

### FOURTH AFFIRMATIVE DEFENSE

As for its Fourth Affirmative Defense, Defendant avers that Count III of the Complaint fails to state a claim upon which relief may be granted because Plaintiff fails to allege that it had an unconditional and or absolute right in the immediate possession of what the Plaintiff calls "theSecond Set of Cars."

## FIFTH AFFIRMATIVE DEFENSE

As for its Fifth Affirmative Defense, Defendant avers that any benefit that Defendant derived from any payment made by CTG to McGrath, Defendant received in good faith in satisfaction of an equitable claim.

## SIXTH AFFIRMATIVE DEFENSE

As for its Sixth Affirmative Defense, Defendant avers that it has an equitable claim to any payment made by CTG to McGrath to the extent that CTG is controlled by and/or is the alter ego of and/or a front for the non-party TVD Global Trade US, LLC ("TVD") and to the extent that any payment made by CTG to McGrath was made for and in satisfaction of TVD's debt to ITA.

## JURY DEMAND

Defendant demands a jury trial in this cause.

WHEREFORE, International Trade Alliance, Inc., denies any and all liability to Plaintiff and prays for judgment in its favor and against Plaintiff, together with costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished via electronic filing this 9th day of June, 2008 to Glenn Seiden, Esq., Azulay Seiden Law Group, 205 North Michigan

Avenue, 40th Floor, Chicago, IL 60601.

By:/s/ <u>JONATHAN B. KNISLEY, Esq</u>
Illinois Bar ID 06293142
ARNSTEIN & LEHR, LLP
Local Counsel for Defendants
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Tel No. 312-876-7100
Fax No.312-876-0288
JBKnisley@arnstein.com

<u>ROMAN GROYSMAN, Esq</u>
Florida Bar NO. 65802
GINNIS & GROYSMAN, P.A.
Attorney for Defendants
600 S Andrews Avenue Suite 406
Fort Lauderdale, FL 33301
Tel No. 954- 712-0505
Fax No. 954-712-0501
rgroysman@FloridaCivilAttorneys.com