**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

_____  )
                                            )
CREATIVE TRADE GROUP, INC,                  )
a Connecticut Corporation,                  )
                                            )
            Plaintiff,                       )
                                            )
v.                                          )      Case No. 08 CV 2561
                                            )
INTERNATIONAL TRADE ALLIANCE, INC.,         )      Judge Pallmeyer
a Florida Corporation,  and                 )
MCGRATH-COLOSIMO, LTD d/b/a                  )      Magistrate Judge Nolan
MCGRATH LEXUS OF CHICAGO,                    )
an Illinois Corporation,                    )
                                            )
            Defendants.                      )
_____  )

**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
TO DEFENDANT MCGRATH-COLOSIMO, LTD.**

NOW COMES the Plaintiff, CREATIVE TRADE GROUP, INC, by and through its
attorneys, AZULAYSEIDEN LAW GROUP, pursuant to Fed. R. Civ. P. 34 hereby requests that
Defendant, MCGRATH-COLOSIMO, LTD. d/b/a MCGRATH LEXUS OF CHICAGO, produce
the following documents for inspection and copying at the law offices of AZULAYSEIDEN
LAW GROUP, 205 North Michigan Avenue, 40th Floor, Chicago, Illinois, within thirty (30)
days after service hereof:

*Definitions and Instructions*

A.    These document requests require the answering party to provide all information
available, however obtained, and any and all information in the answering party, its attorneys,
agents or representative's actual or constructive possession or knowledge.

B.    "CTG" refers to the Plaintiff, CREATIVE TRADE GROUP, INC., and any person, form or entity acting on its behalf or as a representative or agent thereof.

C.    "McGrath" refers to the Defendant, MCGRATH-COLOSIMO, LTD. d/b/a MCGRATH LEXUS OF CHICAGO, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

D.    "ITA" refers to the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., and any person, firm or entity acting on its behalf or as a representative or agent thereof.

E.    "TVD" refers to a non-party, TVD Global Trade USA, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

F.    "Wire Transfer" refers to the wire transfer, on or about January 18, 2008, of $171,388.00 by CTG to McGrath as advance payment for the purchase of two (2) automobiles.

G.    "Cars" refers to the two (2) automobiles, 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468), CTG purchased by making the Wire Transfer to McGrath.

H.    "Second Set of Cars" refers to the two (2) automobiles of the same model as Cars, but with different VIN numbers, that were delivered to ITA.

I.    "Delivery 1" refers to the delivery of Cars to CTG that never occurred.

J.    "Delivery 2" refers to the delivery of Second Set of Cars to ITA.

K.    Pursuant to the Federal Rules of Civil Procedure, the party or parties answering these document production requests are bound by the following duties in responding:

    a.    to conduct a reasonable investigation;

    b.    to state objections in as specific a manner as possible;

     c.     to seasonably withdraw, amend or supplement an answer if information obtained later tends to indicate the answer was or became inaccurate or incomplete; and

     d.     if, after exercising due diligence, complete responses cannot be provided, (i) to provide a response to the extent possible; (ii) to set forth in detail the reason for the inability to provide a complete response; (iii) to state whatever information or knowledge is possessed concerning the portion which is unanswered; and (iv) to state specifically what was done in an attempt to secure the unknown information.

L.     Unless otherwise indicated, the definitions and instructions set forth in the Federal Rules of Civil Procedure and any applicable local rules apply to this discovery request.  By way of addition thereto and amplification thereof, the following definitions will also apply:

     a.     The term "Document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  Not by way of limitation, but instead as examples, these terms mean any and all original and non-identical duplicates of whatever nature (whether written, recorded or graphic material) including, but not limited to, the following:

     Correspondence, letters, agendas, calendars, diaries, facsimiles, logs, memoranda, messages, minutes or other memorializations, notations, records, telegrams, transcripts, written instructions, charts, booklets, brochures, charts, circulars, drawings, exhibits, films, graphs, notices, papers, pamphlets, periodicals, photographs, press releases, printouts, recordings or tapes (whether audio or visual), slides, agreements, contracts, leases, licenses, certificates, permits, registrations, and authorizations of any kind, appraisals, analyses, bank statements, bills, bills of lading, shipping documents, manifests, trip tickets, disposal records, calculations, charges, checks, evaluations, federal and/or state income tax returns, invoices, plans, projections, reports, studies, summaries, surveys, tabulations, vouchers, wage payment stubs, working papers, court orders, agreed orders, motions, petitions, pleadings, stipulations, transcripts of court proceedings.

     b.     The term "person" as used herein means a natural person, company, firm, joint venture, proprietorship, association, partnership, corporation, personal corporation, professional

corporation, agency or any other organization or entity, irrespective of whether privately or publicly owed or controlled, for profit or not-for-profit, partially or fully government controlled or formally or informally organized.

c.    The term "communication" as used herein means any transfer of information by any written, oral, electronic or other means including, but not limited to, meetings, discussions, electronic mail, correspondence, reports, statements, consultations, negotiations, transfers of information and transfers of consideration or money.

d.    The terms "regarding", "concerning", "relating", "referring", "pertaining" and their derivations, as used herein and in addition to their usual and customary definitions, shall mean describing, setting forth, evidencing, incorporating, discussing, and the like.

e.    The terms "and" as well as "or" shall be presumed to be either conjunctive or disjunctive as necessary so as to bring within the scope of this request any document that might otherwise be considered outside the scope of this request.

M.    If any ambiguity is encountered in either these document requests or the instructions thereto, the answering party shall state so and set forth the matter deemed ambiguous and the construction chosen in responding.

N.    The singular form of any word shall include the plural and the plural form shall include the singular.

O.    This request seeks production of all documents described herein prepared, sent or received by the responding party or in the possession, custody or control of either the responding party or its counsel.  Further, these requests shall be deemed continuing and seek all documents which are now or may later come into possession, custody or control of any parties to whom this request is directed.

P.     Unless otherwise set forth in any individual request, all documents hereinafter requested are those dated, produced, transmitted, received or relating to the period covered by or relevant to CTG's Complaint, whether as originally filed or amended.

Q.     If anything is deleted from a document is produced in response to a request for production, state in full the reason for the deletion and the subject matter of the deletion.

R.     If any documents requested herein or otherwise relevant to the issues in this action are subject to destruction under any document destruction program, such documents should be exempted from any such destruction until the conclusion of this action or unless permitted by Court.

S.     If any documents requested have been destroyed, lost, stolen or disposed, describe the contents of the documents, the location of any copies, the date of the documents' destruction, loss or disposal, the person who destroyed, lost or disposed of the documents, the reason the documents were destroyed, lost or disposed and the person most familiar with the contents of the documents.

T.     If any documents requested are not in the answering party's possession or custody, describe in detail the efforts made to locate and obtain the documents, a detailed description of the documents, the identity of the person who has or can obtain the documents or a copy thereof, the person who has control and the location of the documents.

U.     If any of the documents hereinafter requested is withheld based on a claim of privilege or work product, set forth, with regard to each such document, the following: (i) the nature of the privilege asserted; (ii) the date(s) it was transmitted, distributed, or otherwise provided to each person to whom it was transmitted, distributed or otherwise provided; (iii) the full name(s), address(es) and title(s) of the document's author(s) and addressee(s); (iv) the full

name(s), address(es) and title(s) of all persons who received a copy of it, including all person(s) who received blind copies; (v) the form of the document (e.g. letter, memorandum, tape, disk, etc.); (vi) the title of the document, if any; and (vii) without revealing any privileged information, the subject matter and contents of the document.

### *Document Requests*

1.    Copies of any and all documents and tangible things that are in McGrath's possession, custody or control which McGrath may use to support its claims and defenses.

2.    Copies of any and all documents which contain a statement or statements from or of any person with personal knowledge of any fact alleged in any pleading filed in this case.

3.    Copies of any and all documents, to which McGrath was a party, reflecting or describing any negotiation for or draft of an agreement relating to the Wire Transfer.

4.    Copies of any and all documents, to which McGrath was a party, reflecting or describing any negotiation for or draft of an agreement relating to Delivery 1.

5.    Copies of any and all documents, to which McGrath was a party, reflecting or describing any negotiation for or draft of an agreement relating to Delivery 2.

6.    Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which McGrath was a party relating to the Wire Transfer.

7.    Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which McGrath was a party relating to Delivery 1.

8.      Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which McGrath was a party relating to Delivery 2.

9.      Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to the Wire Transfer.

10.     Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to Delivery 1.

11.     Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to Delivery 2.

12.     Copies of any and all documents and correspondence between McGrath and CTG relating to any fact alleged in any pleading in this case.

13.     Copies of any and all documents and correspondence between McGrath and ITA relating to any fact alleged in any pleading in this case.

14.     Copies of any and all documents and correspondence between McGrath and TVD relating to any fact alleged in any pleading in this case.

15.     Copies of any and all documents and correspondence between McGrath and any non-parties relating to any fact alleged in any pleading in this case.

16.     All files, documents, or records kept or maintained as a hard copy or on the computer regarding the Wire Transfer, and the increase in McGrath's account or accounts thereof.

17.    All files, documents, or records kept or maintained as a hard copy or on the computer regarding the Delivery, and the change in McGrath's inventory thereof.

18.    All documents which constitute the administrative record or financial statements obtained or maintained by ITA.

19.    All documents which constitute the administrative record or financial statements obtained or maintained by non-party delivery services used by McGrath.

20.    Copies of any and all documents evidencing or describing title or interest in, control over or right of possession or use of Cars whether said interest be direct or indirect, including, but not limited to, title, title insurance policies, and the like.

21.  Copies of any and all documents evidencing or describing title or interest in, control over or right of possession or use of Second Set of Cars whether said interest be direct or indirect, including, but not limited to, title, title insurance policies, and the like.

22.    Copies of any and all documents which McGrath intends to use, relies upon or asks to be entered into evidence at trial of this cause.

Dated: June 26, 2008                                        Respectfully submitted,


                                                           By:/s/ Glenn Seiden
                                                           Glenn Seiden (Bar ID# 2543761)
                                                           AZULAYSEIDEN LAW GROUP
                                                           Attorneys for the Plaintiff
                                                           205 North Michigan Avenue, 40th Fl
                                                           Chicago, Illinois  60601
                                                           (312) 832-9200
                                                           gseiden@azulayseiden.com