## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

CREATIVE TRADE GROUP, INC.,
a Connecticut Corporation,

       Plaintiff,

v.

INTERNATIONAL TRADE ALLIANCE,
INC., a Florida Corporation and MCGRATH-
COLOSIMO, LTD, d/b/a MCGRATH LEXUS
OF CHICAGO, an Illinois Corporation.

       Defendants.

and

ITERNATIONAL TRADE ALLIANCE, INC

       Defendant and Third-Party Plaintiff,

v.

TVD Global Trade US, LLC,
a Nevada Limited Liability Company,
and VALERIY PYCHNENKO, an individual.

       Third-Party Defendants

CASE NO: 08CV2561  TG
JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN

_____/

## INTERNATIONAL TRADE ALLIANCE, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT; COUNTERCLAIM AND THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY

       COMES NOW the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., by and

through its undersigned counsel and in accordance with Rules 8, and 12 of the Federal Rules of Civil

Procedure, hereby files its First Amended Answer and Affirmative Defenses to the Complaint, and states as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2.    Admitted.

3.    Admitted.

4.    Defendant admits the allegations contained in paragraph 4 of the Complaint to the extent that it has a business relationship with McGrath Lexus and to the extent that Defendant purchases automobiles from McGrath Lexus. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

5.    Defendant admits that Plaintiff is seeking damages in excess of $75,000. The remainder of paragraph 5 contains a legal conclusion to which no response is required.

6.    Paragraph 6 of the Complaint contains a legal conclusion to which no response is required.

7.    Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent that an answer is required by Defendant, Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8.    Paragraph 8 of the Complaint contains a legal conclusion to which no response is required.

9.    Defendant denies the allegations contained in paragraph 9 of the complaint and demands strict proof thereof.

10.    Defendant admits the allegations contained in paragraph 10 of the Complaint to the extent that TVD purchased numerous cars from ITA over a period of time, Defendant is without knowledge or information sufficient to form a belief as to what percentage of this overall business TVD transacted with ITA, Defendant therefore denies the remaining allegations contained in paragraph 10 and demands strict proof thereof.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same and demands strict proof thereof.

12.    Defendant denies the allegation contained in paragraph 12 of the Complaint and demands strict proof thereof.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies same and demands strict proof thereof.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16.    Admitted.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint to the extent that the Payment was not returned to CTG.  Defendant denies the remaining allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

### Count I - Replevin as Against ITA

21.     Defendant incorporates by reference its answers to paragraphs 1-20 and 21 as though fully stated herein.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

### Count II - Bailment as Against ITA

27.    Defendant incorporates by reference its answers to paragraphs 1-20 and 27 as though fully stated herein.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

### Count III - Conversion as Against ITA

33.    Defendant incorporates by reference its answers to paragraphs 1-20 and 33 as though fully stated herein.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies same and

demands strict proof thereof.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint and demands strict proof thereof.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42.    Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43.    Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44.    Defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45.    Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

### Count IV - Unjust Enrichment as Against ITA

46.    Defendant incorporates by reference its answers to paragraphs 1-20 and 46 as though fully stated herein.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49.    Defendant admits the allegations contained in paragraph 49 of the Complaint to the extent that it did not deliver any cars to CTG. Defendant denies the remaining allegations contained in paragraph 49 of the Complaint and demands strict proof thereof.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

### Count V- Conversion as Against McGrath

52.    Defendant incorporates by reference its answers to paragraphs 1-20 and 52 as though fully stated herein.

53.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 53 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and

therefore denies the same and demands strict proof thereof.

54.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 54 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the same and demands strict proof thereof.

55.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 55 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies the same and demands strict proof thereof.

56.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 56 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

57.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 57 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 57

of the Complaint and demands strict proof thereof.

58.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 58 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

59.    Count V of Plaintiff's Complaint as set forth in paragraphs 52-59 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 59 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 59 of the Complaint and demands strict proof thereof.

## Count VI - Unjust Enrichment as Against McGrath

60.    Defendant incorporates by reference its answers to paragraphs 1-20 and 60 as though fully stated herein.

61.    Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 61 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 61 of the Complaint  and demands strict proof thereof.

62.    Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 62 by the

Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 62 of the Complaint and demands strict proof thereof.

63.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 63 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 63 of the Complaint and demands strict proof thereof.

64.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 64 by the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form an belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies the allegations contained in paragraph 64 of the Complaint and demands strict proof thereof.

65.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 65 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 65 of the Complaint and demands strict proof thereof.

66.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 66 by the

Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 66

of the Complaint  and demands strict proof thereof.

67.     Count VI of Plaintiff's Complaint as set forth in paragraphs 60-67 including the un-

numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required.  To the extent any response is required to paragraph 67 by the

Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 67

of the Complaint  and demands strict proof thereof.

### Count VII - Violation of Illinois Consumer Fraud and Deceptive Business Practices Act as Against McGrath

68.     Defendant incorporates by reference its answers to paragraphs 1-20 and 68 as though

fully stated herein.

69.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-

numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required.  To the extent any response is required to paragraph 69 by the

Answering Defendant, the Answering Defendant without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and

therefore denies same and demands strict proof thereof.

70.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-

numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no

response is therefore required.  To the extent any response is required to paragraph 70 by the

Answering Defendant, the Answering Defendant without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and

therefore denies same and demands strict proof thereof.

71.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 71 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore denies same and demands strict proof thereof.

72.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 72 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies same and demands strict proof thereof.

73.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 73 by the Answering Defendant, the Answering Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies same and demands strict proof thereof.

74.     Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required. To the extent any response is required to paragraph 74 by the

Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 75 by the Answering Defendant, the Answering Defendant denies the allegations contained in paragraph 75 of the Complaint and demands strict proof thereof.

76.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 76 by the Answering Defendant, the Answering Defendant denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

77.    Count VII of Plaintiff's Complaint as set forth in paragraphs 68-77 including the un-numbered introductory and wherefore clauses, is not directed to this Answering Defendant, and no response is therefore required.  To the extent any response is required to paragraph 77 by the Answering Defendant, the Answering Defendant denies the allegations contained in Paragraph 77 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As for its First Affirmative Defense to Count(s) I, II, III and IV of the Complaint, defendant avers that Plaintiff was never entitled to the possession of or had any rights to what the Plaintiff calls

"the Second Set of Cars".

## SECOND AFFIRMATIVE DEFENSE

As for its Second Affirmative Defense to the Complaint, Defendant avers that Count II fails to state a claim upon which relief may be granted because Plaintiff fails to allege that CTG and ITA had an agreement for ITA to take possession of the "Second Set of Cars" on behalf of CTG.

## THIRD AFFIRMATIVE DEFENSE

As for its Third Affirmative Defense, Defendant avers that Plaintiff has made no demand on the Defendants for the return of what it calls "the Second Set of Cars".

## FOURTH AFFIRMATIVE DEFENSE

As for its Fourth Affirmative Defense, Defendant avers that Count III of the Complaint fails to state a claim upon which relief may be granted because Plaintiff fails to allege that it had an unconditional and or absolute right in the immediate possession of what the Plaintiff calls "the Second Set of Cars."

## FIFTH AFFIRMATIVE DEFENSE

As for its Fifth Affirmative Defense, Defendant avers that any benefit that Defendant derived from any payment made by CTG to McGrath, Defendant received in good faith in satisfaction of an equitable claim.

## SIXTH AFFIRMATIVE DEFENSE

As for its Sixth Affirmative Defense, Defendant avers that it has an equitable claim to any payment made by CTG to McGrath to the extent that CTG is controlled by and/or is the alter ego of and/or a front for the non-party TVD Global Trade US, LLC ("TVD") and to the extent that any payment made by CTG to McGrath was made for and in satisfaction of TVD's debt to ITA.

## SEVENTH AFFIRMATIVE DEFENSE

As for its Seventh Affirmative Defense, Defendant avers that the Plaintiff's Complaint fails to join a party indispensable under Rule 19 of the Federal Rules of Civil Procedure. Specifically, in the Complaint Plaintiff alleges that "[i]n December 2007 CTG [Plaintiff] became aware of the availability of two or more uncommon Lexus luxury automobiles and entered into an agreement with a non-party, TVD Global Trade USA ("TVD"), wherein CTG was going to purchase these automobiles from McGrath and TVD would arrange for shipment of same to CTG (hereinafter referred to as the "Contract"). Nowhere in its pleadings does Plaintiff identify or allege the existence of any direct agreements and/or communications between Plaintiff, CTG, and the co-defendants ITA and/or McGrath for the purchase of any vehicles including the vehicles which Plaintiff alleges to have been converted by the co-Defendants. Plaintiff's alleged agreement with the non-party TVD is the only alleged source of right to possession of vehicles which Plaintiff alleges to have been converted by ITA and McGrath. Therefore, complete relief cannot be accorded among those already parties to this action in TVD's absence.

## JURY DEMAND

Defendant demands a jury trial in this cause.

WHEREFORE, International Trade Alliance, Inc., denies any and all liability to Plaintiff and prays for judgment in its favor and against Plaintiff, together with costs.

## COUNTERCLAIM
## (Declaratory Judgment Against CTG and TVD)

COMES NOW the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., ("ITA"), a Florida Corporation, by and through its undersigned counsel and in accordance with Rules 13 of the Federal Rules of Civil Procedure, hereby files its Counterclaim against Plaintiff Creative Trade Group, Inc. ("CTG"), a Connecticut Corporation, and Third-Party Defendants, TVD Global Trade US, LLC, ("TVD"), a Nevada Limited Liability Company, and Valeriy Pychnenko ("PYCHNENKO"), an individual and ac citizen of Canada and/or Ukraine, and states as follows:

1.    On or about January of 2007, ITA, TVD and PYCHNENKO began a business relationship which involved numerous purchases of lxuxury vehicles by TVD and PYCHNENKO from ITA.

2.    During the course of this business relationship with TVD and PYCHNENKO accrued with ITA a debt in excess of 600,000.

3.    This significant debt was in large part a product of TVD's and PYCHNENKO's often confused and convoluted method of payment for the vehicles purchased from ITA, whereby TVD and PYCHNENKO would employed a combination of cash payments and wire transfer from numerous banks to pay for purchases from ITA, with continual under-payments on agreed upon prices and promises to become current.

4.    Despite numerous requests to become current on the ever growing outstanding balance, and warnings that future business dealings would be terminated between ITA and PYCHNENKO, TVD and PYKHNENKO failed to meet their financial obligations before ITA.

5.    Upon information and belief, TVD is in fact a sham corporation established specifically for the purpose of defrauding creditors in the United States and hold no assets in the United States, but rather employs other U.S. based entities to make payments for good purchased in

the U.S. on its behalf.

6.    Upon information and belief one of the entities employed by TVD to make wire transfers on its behalf in the U.S. is CTG.

7.    On or about January 18, 2008, TVD made a wire transfer was made to McGrath Lexus in the amount of 171,388.00 which wire transfer read "for ITA".

8.    ITA did in fact credit this amount towards TVD's and PYCHNENKO'S existing debt.

8.    There exists a bona fide, actual, and present practical need for a declaration concerning the true owner fo the funds in question.

WHEREFORE, Defendant ITA demands a judgment declaring Defendant's rights and for damages against ITA, TVD and PYCHNENKO, including costs and attorneys fees.

## THIRD PARTY COMPLAINT

Defendant and Third-Party Plaintiff, ITA, as and for its Third-Party Complaint herein, states and alleges as follows:

1.    That ITA has been served with a Complaint, a copy of which is attached hereto as Exhibit A.

2.    That ITA has interposed an Answer and affirmative Defenses to said Complaint.

3.    That it is alleged in the complaint that ITA converted a sum f money and/or a set of vehicles belonging to Creative Trade Group ("CTG"), a Connecticut Corp.

4.    That upon information and belief the funds in question came from Third Party Defendant TVD Global Trade US, LLC, a Nevada Limited Liability Company and/or Valeriy

Pychnenko ("PYCHNENKO"), and that any damages suffered by CTG are the direct and proximate cause of tortious conduct of TVD and/or PYCHNENKO.

5.      ITA is entitled to contribution and/or indemnity, as may be appropriate, from Third-Party defendants for all or any portion of the sums for which ITA may be adjudges liable to Plaintiff herein.

WHEREFORE, Defendant and Third-Party Plaintiff ITA hereby demands judgment against TVD and PCHNENKO by way of contribution and/or indemnity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished via electronic filing this 7th day of July, 2008 to Glenn Seiden, Esq., Azulay Seiden Law Group, 205 North Michigan Avenue, 40th Floor, Chicago, IL 60601.

ROMAN GROYSMAN, Esq
Florida Bar NO. 65802
GINNIS & GROYSMAN, P.A.
Attorney for Defendants
600 S Andrews Avenue Suite 406
Fort Lauderdale, FL 33301
Tel No. 954- 712-0505
Fax No. 954-712-0501
rgroysman@FloridaCivilAttorneys.com

By:/s/ JONATHAN B. KNISLEY, Esq
Illinois Bar ID 06293142
ARNSTEIN & LEHR, LLP
Local Counsel for Defendants
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Tel No. 312-876-7100
Fax No.312-876-0288
JBKnisley@arnstein.com