IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CREATIVE TRADE GROUP, INC, <br> a Connecticut Corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL TRADE ALLIANCE, INC., <br> a Florida Corporation, and <br> ITA-COLOSIMO, LTD d/b/a <br> ITA LEXUS OF CHICAGO, <br> an Illinois Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 08CV2561   TG <br> ) <br> ) <br> ) <br> ) JUDGE PALLMEYER <br> ) <br> ) <br> ) <br> ) <br> ) |

**CREATIVE TRADE GROUP, INC'S MOTION TO STRIKE INTERNATIONAL TRADE ALLIANCE INC's AMENDED ANSWER, THIRD PARTY COMPLAINT AND COUNTERCLAIM AND/OR IN THE ALTERNATIVE, MOTION TO DISMISS COUNTERCLAIM AND/OR THIRD PARTY COMPLAINT PURSUANT TO Fed.R.Civ.P. 12(b)(6) AND 12(b)(2)**

NOW COMES the Plaintiff, CREATIVE TRADE GROUP, INC. ("CTG"), by and through its attorneys, AZULAYSEIDEN LAW GROUP, and in support of this Motion to Strike Defendant INTERNATIONAL TRADE ALIANCE INC's ("ITA") Amended Answer, Amended Affirmative Defenses, Third Party Complaint and Counterclaim and/or in the alternative, Motion to Dismiss ITA's Third Party Complaint and/or Counterclaim pursuant to Fed.R.Civ.P. 12(b)(2) and/or 12(b)(6), states as follows:

*MOTION TO STRIKE*

**INTRODUCTION**

CTG filed its Complaint May 5, 2008. ITA filed its Answer and Affirmative Defenses to the Complaint, and Demand for Trial Jury on June 9, 2008. CTG filed its Response to ITA's

1

Affirmative Defenses to the Complaint on June 13, 2008. On June 16, 2008, CTG and ITA met (via teleconference) pursuant to Fed.R.Civ.P. 26(f). On June 26, 2008, CTG and ITA appeared in court before the honorable Judge Pallmeyer to present the Report of Parties Planning Meeting. At the meeting it was agreed by both parties and the court that all dates (as listed in the Plaintiff's Report of Parties Planning Meeting) would remain the same with one exception: ITA would be allowed to join an additional party and file a Third Party Complaint. ITA did not request, and was not given permission, to amend any of its answers to the complaint, its affirmative defenses or to add a counterclaim. ITA filed an Amended Answer and Affirmative Defenses to the Complaint, Counterclaim and Third Party Complaint and Demand for Jury Trial on July 8, 2008. CTG caused a responsive pleading to be served on ITA on June 13, 2008.

## STANDARD OF LAW

Pursuant to Fed.R.Civ.P. 15(a)(1) a party may amend its pleading once as a matter of course:

(A)   Before being served with a responsive pleading; or

(B)   Within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

Pursuant to to Fed.R.Civ.P. 15(a)(2), in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

## ARGUMENT

ITA is precluded by Fed.R.Civ.p. 15(a)(1)(A) from amending its answers to the Complaint, amending its Affirmative Defenses, and filing a Counterclaim against CTG. While ITA did have leave to amend to file a Third Party Complaint and to join TVD, ITA did not have leave to amend its answers to the Complaint, Affirmative Defenses or file a Counterclaim. Therefore, ITA could amend its pleading only before being served with a responsive pleading.

2

However, CTG caused a responsive pleading to be served on ITA on June 13, 2008 and before ITA filed its Amended Answer on July 8, 2008. Therefore, ITA was precluded by Fed.R.Civ.p. 15(a)(1)(A) from amending its Answer, unless it complied with Fed.R.Civ.P. 15(a)(2).

ITA is further precluded by Fed.R.Civ.P.15(a)(2) from amending its Answer. A party precluded by Fed.R.Civ.P.15(a)(1)(A) may amend its pleading only with the opposing party's written consent or the court's leave. ITA did not seek written consent from CTG, and CTG did not provide written consent, to ITA's Amended answers, Affirmative Defenses, Third Party Complaint, and Counterclaim. Furthermore, while ITA did seek leave of court, and the court did provide leave of court, to ITA's amended answers, Affirmative Defenses, Third Party Complaint and Counterclaim. Pursuant to Document Number 24, ITA was given "to and including 7/7/2008 to amend all pleadings, and to 7/7/2008 to add any additional parties. However, Pursuant to Document Number 31, ITA filed its Amended Answer and Affirmative Defenses to the Complaint; Counterclaim and Third Party Complaint on July 8, 2008. Therefore, since ITA failed to file before the court ordered date of July 7, 2008, ITA is precluded from amending its answers, Affirmative Defenses and from filing its Counterclaim and joining an additional party by Fed.R.Civ.P. (15)(a)(2).

## CONCLUSION

ITA is precluded from amending its answers to the Complaint, its Affirmative Defenses and from filing its Counterclaim and Third Party Complaint pursuant to Fed.R.Civ.P. 15(a)1)(A) because it did not file its amended answers, amended Affirmative Defenses, Third Party Complaint and Counterclaim before being served with a responsive pleading from CTG. ITA is further precluded from amending its answers, Affirmative Defenses and filing its Third Party Complaint and Counterclaim pursuant to Fed.R.Civil.P. (15)(a)(2) because it did not obtain

CTG's written consent and because it did file before the court's July 7, 2008 deadline.

## *MOTION TO DISMISS*

### STANDARD OF LAW 12(b)(2)

When the issue of personal jurisdiction is raised via a motion to dismiss, Fed.R.Civ.P. 12(b)(2), the burden of proof rests upon the party asserting jurisdiction. Wessel Co., Inc. v. Yoffe & Beitman Mgmt. Corp., 457 F.Supp. 939, 940 (N.D.Ill.1978). This burden of proof is met by a prima facie showing that jurisdiction is conferred by the long-arm statute. Neiman v. Rudolph Wolff & Co., Ltd., 619 F.2d 1189, 1190 (7th Cir.), *cert. denied,* 449 U.S. 920, 101 S.Ct. 319, 66 L.Ed.2d 148 (1980); O'Hare Int'l Bank v. Hampton, 437 F.2d 1173, 1176 (7th Cir.1971); Wessel Co., Inc., 457 F.Supp. at 940.

In considering a challenge to personal jurisdiction, a court may receive and weigh affidavits, exhibits or other evidence submitted by the parties, Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120 (7th Cir.), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1983), but must construe all facts concerning jurisdiction in favor of the non-movant, including disputed or contested facts. Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1215 (7th Cir.1984); Neiman, 619 F.2d at 1190; United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co., 495 F.2d 1127, 1128 (7th Cir.1974); O'Hare Int'l Bank, 437 F.2d at 1176; Maurice Sternberg, Inc. v. James, 577 F.Supp. 882, 885 (N.D.Ill.1984).

### STANDARD OF LAW 12(b)(6)

In considering the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor (see, e.g., McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir.2006)). To survive Rule 12(b)(6) scrutiny, the complaint must (1) put

4

defendants on "fair notice of what the ... claim is and the grounds upon which it rests" (Rule 8(a)) and (2) plausibly suggest that plaintiff has a right to relief (<u>EEOC v. Concentra Health Servs., Inc.,</u> 496 F.3d 773, 776 (7th Cir.2007), citing and quoting <u>Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955 (2007)</u>).

## ARGUMENT

A. 12(b)(2)

Both ITA's Third Party Complaint and Counterclaim fail to assert Jurisdiction over Third Party Defendant TVD Global Trade US (TVD) and/or Valeriy Pychnenko (Pychnenko) pursuant to Fed.R.Civ.P 12(b)(2). Nowhere in its Third Party Complaint or Counterclaim does ITA assert jurisdiction over TVD or Pychnenko. Furthermoe, upon information and belief, Pychnenko is not in the United States. ITA has also failed to meet a prima facie showing that jurisdiction is conferred by a long-arm statute over either TVD or Pychnenko. Finally, ITA has failed to show that TVD or Pychnenko has minimum contacts with this forum.

B. 12(b)(6)

ITA's counterclaim fails to state a claim upon which relief can be granted because there does not exist a bona fide, actual, and present practical need for a declaration concerning the true owner of the funds in question. ITA claims that on or about January of 2007, ITA, TVD, and PYCHNENKO began a business relationship which involved numerous purchases of luxury vehicles by TVD and PYCHNENKO from ITA. (See Counterclaim, #1). However, ITA does not claim CTG was involved in this business relationship. ITA further claims that during the course of this business relationship TVD and PYCHNENKO accrued with ITA a debt in excess of 600,000 (what is assumed to be dollars). (See Counterclaim, #2). Yet, ITA does not claim that CTG accrued a debt with ITA. ITA claims this significant debt was in large part a product

of TVD's and PYCHNENKO's often confused and convoluted method of payment for the vehicles purchased from ITA, whereby TVD and PYCHNENKO would employ a combination of cash payments and wire transfer from numerous banks to pay for purchases from ITA, with continual under-payments on agreed upon prices and promises to become current.  (See Counterclaim #3).  Note however, that ITA does not claim that CTG was involved in these confused and convoluted methods of payment.  Additionally, ITA claims that despite numerous requests to become current on the ever growing outstanding balance, and warnings that future business dealings would be terminated between ITA and PYCHNENKO, TVD and PYCHNENKO failed to meet their financial obligations before ITA.  (See Counterclaim #4).  However, ITA does not claim that it ever sent requests to become current on the purported outstanding balance to CTG.

    ITA claims that upon information and belief, TVD is in fact a sham corporation established specifically for the purpose of defrauding creditors in the United States and holds no assets in the United States, but rather employs other U.S. based entities to make payments for goods purchased in the U.S. on its behalf.  (See Counterclaim #5).  ITA does not claim that CTG is a sham corporation.  Furthermore, ITA claims that upon information and belief one of the entities employed by TVD to make wire transfers on its behalf in the U.S. is CTG, even though CTG has no relationship with TVD and ITA has no proof of such a relationship.  The case at bar involves a third-party claim brought pursuant to Rule 14(a) by a ITA against CTG and a third-party defendant-TVD/Valeriy Pychnenko.  Rule 14(a) states in relevant part: At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

The purpose of Rule 14(a) is to "avoid circuity of actions and to expedite the resolution of secondary actions arising out of *or in consequence of* the action originally instituted." *Colton v. Swain,* 527 F.2d 296, 299 (7th Cir.1975) (emphasis added). This purpose "reflect[s] the public policy against costly and unnecessary adjudications ..." *Id.* The practical result of allowing third-party impleader is to permit the joint resolution of factual issues common to two "logical[ly] dependen[t]" claims.

Rule 14(a), like all of the Federal Rules of Civil Procedure, is merely a rule of procedure and does not grant the parties any substantive rights. Fed.R.Civ.P. 82. TVD would not be liable to the third party Plaintiff (ITA) in this case. If anything, TVD would be liable CTG. ITA further claims that upon information and belief, the funds in questions came from Third Party Defendant TVD and/or Valeriy Pychnenko and that any damages suffered by CTG are the direct and proximate cause of tortuous conduct of TVD and or PYCHNENKO. (See Counterclaim, #6). However, this is incorrect, as the funds in question were sent from CTG (see Exhibit A, Complaint). Nowhere on the wire transfer form is TVD's or PYCHNENKO's name.

ITA's Counterclaim states only that there exists a bona fide, actual, and present practical need for a declaration concerning the true owner of funds in questions. (See Counterclaim, #7). However, there does not exist a need for a declaration concerning the true owner of the funds in question. A wire transfer was sent from CTG, not TVD or PYCHNENKO, to McGRATH (see Exhibit A). A follow up letter was sent from CTG to McGRATH on 1/22/2008 asking that the wire transfer from CTG be applied towards the purchase of two specifically identified vehicles on behalf of ITA. Another follow up letter was sent to McGRATH from CTG (not TVD or PYCHNENKO) on 2/13/2008 requesting return of said wire transfer, and further making it clear that the money was from CTG (See exhibit C).

**CONCLUSION**

ITA's Third Party Complaint and Counterclaim fail to assert Jurisdiction over Third Party Defendant TVD Global Trade US (TVD) and/or Valeriy Pychnenko (Pychnenko) pursuant to Fed.R.Civ.P 12(b)(2). As such, ITA's Third Party Complaint should be dismissed.

Furthermore, ITA has failed to state a claim upon which relief can be granted let alone sufficient allegations to sustain said claim. ITA has not claimed anywhere in its counterclaim that it had a right to keep money from CTG. If ITA wishes to claim any debt owed to it by TVD it should sue TVD (or should have interpleaded TVD early on). It is clear, however, that any legal claims ITA has against TVD do not concern the current lawsuit between CTG and ITA. ITA has failed to state a claim upon which relief can be granted let alone sufficient allegations to sustain said claim.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP INC., respectfully requests this Honorable Court grant its motion and strike the Amended Answers, Amended Affirmative Defenses, Third Party Complaint and Counterclaim filed by the Defendant, INTERNATIONAL TRADE ALLIANCE INC., and/or in the alternative dismiss INTERNATIONAL TRADE ALLIANCE INC.'s Counterclaim and Third Party Complaint for failure to assert personal jurisdiction and failure to state a claim upon which relief can be granted, and further award any additional relief as this Court deems fair and just.

Dated: July 25, 2008                          Respectfully submitted,

                                                     By:/s/ Glenn Seiden
                                                     Glenn Seiden (Bar ID# 2543761)
                                                     AZULAYSEIDEN LAW GROUP
                                                     Attorneys for the Plaintiff
                                                     205 North Michigan Avenue, 40th Fl
                                                     Chicago, Illinois 60601
                                                     (312) 832-9200
                                                     gseiden@azulayseiden.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CREATIVE TRADE GROUP, INC, )<br>a Connecticut Corporation,  )<br>                                                      )<br>              Plaintiff,                    )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>INTERNATIONAL TRADE ALLIANCE, INC., )<br>a Florida Corporation, and             )<br>MCGRATH-COLOSIMO, LTD d/b/a   )<br>MCGRATH LEXUS OF CHICAGO,   )<br>an Illinois Corporation,                 )<br>                                                      )<br>              Defendants.                 )<br>                                                      ) | Case No. 08CV2561   TG<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE NOLAN |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 29, 2008, at 8:45 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Pallmeyer, or any judge sitting in her stead, in Courtroom 2119 of the Dirksen Federal Building, Chicago, Illinois, and then and there present we shall cause to be filed with the Clerk of the United States District Court for the Northern District of Illinois, the *Plaintiff's Motion to Strike/Dismiss,* a copy of which is attached and served upon you.

AZULAYSEIDEN LAW GROUP
Attorneys for Creative Trade Group
205 North Michigan Avenue – 40th Floor
Chicago, Illinois  60601
Telephone Number:  312-832-9200

*Certificate of Service*

I, Brent S. Wikgren, an attorney, do hereby state that I caused a copy of *Plaintiff's Motion to Strike/Dismiss* to be filed using the ECF system and served upon the following individual on July 25, 2008 before the hour of 5:00 p.m.

Roman Groysman
Ginnis & Groysman, P.A.
600 South Andrews Avenue, Suite 406
Fort Lauderdale, Florida  33301

Jonathan Brooks Knisley

Arnstein & Lehr, LLP<br>
120 South Riverside Plaza, Suite 1200<br>
Chicago, Illinois  60606

By: **s/ Brent S. Wikgren**
Brent S. Wikgren (Bar Id# 6295544)