**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| CREATIVE TRADE GROUP, INC, a Connecticut Corporation,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>INTERNATIONAL TRADE ALLIANCE, INC., a Florida Corporation, and MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, an Illinois Corporation,  )<br><br>Defendants.  ) | Case No. 08CV2561   TG<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE NOLAN |

**PLAINTIFF'S ANSWER TO INTERNATIONAL TRADE ALLIANCE INC.'s
AMENDED AFFIRMATIVE DEFENSES**

NOW COMES the Plaintiff, CREATIVE TRADE GROUP, INC., by and through its attorneys, AZULAYSEIDEN LAW GROUP, and for its answer to the amended affirmative defenses filed by the Defendant INTERNATIONAL TRADE ALLIANCE, INC., states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.  As for its First Affirmative Defense to Count(s) I and II of the Complaint, defendant avers that Plaintiff was never entitled to the possession of or had any rights to what the Plaintiff calls "the Second Set of Cars."

> *Answer:* Creative Trade Group Inc., objects to the extent that the facts alleged in the First Affirmative Defense are a legal conclusion and that no answer is therefore required. To the extent an answer is required, Creative Trade Group, Inc., denies same.

1

**SECOND AFFIRMATIVE DEFENSE**

1.  As for its Second Affirmative Defense to the Complaint, Defendant avers that Count II fails to state a claim upon which relief may be granted because Plaintiff fails to allege that CTG and ITA had an agreement for ITA to take possession of the "Second Set of Cars" on behalf of CTG.

> *Answer:* Creative Trade Group Inc., objects to the extent that the facts alleged in the Second Affirmative Defense are a legal conclusion and that no answer is therefore required. Plaintiff admits that there was no agreement between it and ITA for ITA to take possession of the Second Set of Cars which provides, in part, the basis for the cause of action. To the extent an answer is required, Creative Trade Group, Inc., denies the remainder of the Second Affirmative Defense.

**THIRD AFFIRMATIVE DEFENSE**

1.  As for its Third Affirmative Defense to the Complaint, Defendant avers that Plaintiff has made no demand on the Defendants for the return of what it calls "the Second Set of Cars."

> *Answer:* Creative Trade Group Inc., denies the facts alleged in the Third Affirmative Defense.

**FOURTH AFFIRMATIVE DEFENSE**

1.  As for its Fourth Affirmative Defense, Defendant avers that Count III of the Complaint fails to state a claim upon which relief may be granted because Plaintiff fails to allege that it had an unconditional and or absolute right in the immediate possession of what the Plaintiff calls "the Second Set of Cars."

> *Answer:* Creative Trade Group Inc., denies the facts alleged in the Fourth Affirmative Defense.

**FIFTH AFFIRMATIVE DEFENSE**

1. As for its Fifth Affirmative Defense, Defendant avers that any benefit that Defendant derived from any payment made by CTG to McGrath, Defendant received in good faith in satisfaction of an equitable claim.

> *Answer:* Creative Trade Group Inc. denies the facts alleged in the Fifth Affirmative Defense.

**SIXTH AFFIRMATIVE DEFENSE**

1. As for its Sixth Affirmative Defense, Defendant avers that it has an equitable claim to any payment made by CTG to McGrath to the extend that CTG is controlled by and/or is the alter ego of and/or a front fro the non-party TVD Global Trade US, LLC ("TVD") and to the extent that any payment made by CTG to McGrath was made for and in satisfaction of TVD's debt to ITA.

> *Answer:* Creative Trade Group Inc. denies the facts alleged in the Sixth Affirmative Defense.

**SEVENTH AFFIRMATIVE DEFENSE**

1. As for its Seventh Affirmative Defense, Defendant avers that the Plaintiff's Complaint fails to join a party indispensable under Rule 19 of the Federal Rules of Civil Procedure.  Specifically, in the Complaint Plaintiff alleges that "[i]n December 2007 CTG [Plaintiff] became aware of the availability of two or more uncommon Lexus luxury automobiles and entered into an agreement with a non-party, TVD Global Trade USA ("TVD"), wherein CTG was going to purchase these automobiles from McGrath and TVD would arrange for shipment of same to CTG (hereinafter referred to as the "Contract").  Nowhere in its pleadings does Plaintiff identify or allege the existence of any direct agreements and/or communications

3

between Plaintiff, CTG, and the co-defendants ITA and/or McGrath for the purchase of any vehicles including the vehicles which Plaintiff alleges to have been converted by the co-Defendants. Plaintiff's alleged agreement with the non-party TVD is the only alleged source of right to possession of vehicles which Plaintiff alleges to have been converted by ITA and McGrath. Therefore, complete relief cannot be accorded among those already parties to this action in TVD's absence.

> *Answer:* Creative Trade Group Inc., objects to the extent that the facts alleged in the Second Affirmative Defense is a legal conclusion and that no answer is therefore required. To the extent an answer is required, Creative Trade Group, Inc., denies same.

WHEREFORE, the Plaintiff CREATIVE TRADE GROUP, INC., prays that this Court dismiss the affirmative defenses filed by the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., and enter judgment in Plaintiff's favor, and further grant any such additional relief as this Court deems fair and just.

Dated: August 7, 2008

Respectfully submitted,

By: /s/ Glenn Seiden
 (Bar ID#: IL 2543761)
AzulaySeiden Law Group
Attorneys for the Plaintiff
205 North Michigan Avenue, 40th Fl
Chicago, Illinois  60601
(312) 832-9200
gseiden@azulayseiden.com

4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CREATIVE TRADE GROUP, INC, ) <br> a Connecticut Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL TRADE ALLIANCE, INC., ) <br> a Florida Corporation, and ) <br> MCGRATH-COLOSIMO, LTD d/b/a ) <br> MCGRATH LEXUS OF CHICAGO, ) <br> an Illinois Corporation, ) <br> ) <br> Defendants. ) <br> ) | Case No. 08CV2561   TG <br> JUDGE PALLMEYER <br> MAGISTRATE JUDGE NOLAN |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that on August 7, 2008, we shall cause to be filed with the Clerk of the United States District Court for the Northern District of Illinois, the **Plaintiff's Answer to International Trade Alliance, Inc.'s Amended Affirmative Defenses**, a copy of which is attached and served upon you.

> AzulaySeiden Law Group
> Attorneys for the Plaintiff
> 205 North Michigan Avenue – 40th Floor
> Chicago, Illinois  60601
> Telephone Number:  312-832-9200

*Certificate of Service*

I, Glenn Seiden, an attorney, do hereby state that I caused a copy of **Plaintiff's Answer to International Trade Alliance, Inc.'s Amended Affirmative Defenses** to be filed using the ECF system and served upon the following individuals on August 7, 2008 before the hour of 5:00 p.m.

> Mr. Roman Groysman
> Ginnis & Groysman, P.A.
> 600 S. Andrews Avenue, Suite 406
> Fort Lauderdale, FL 33301
>
> Mr. Jonathan B. Knisley, Esq.

       Arnstein & Lehr, LLP
       120 South Riverside Plaza, Suite 1200
       Chicago, IL 60606

       By: **s/ Glenn Seiden**
       Glenn Seiden  (Bar ID#: IL 2543761)