IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                                                )
CREATIVE TRADE GROUP, INC,                )
a Connecticut Corporation,                        )
                                                                )
                        Plaintiff,                            )
                                                                )
v.                                                               )        Case No. 08CV2561   TG
                                                                )        JUDGE PALLMEYER
INTERNATIONAL TRADE ALLIANCE, INC.,   )        MAGISTRATE JUDGE NOLAN
a Florida Corporation,  and                        )
MCGRATH-COLOSIMO, LTD d/b/a              )
MCGRATH LEXUS OF CHICAGO,              )
an Illinois Corporation,                             )
                                                                )
                        Defendants.                       )
_____  )

**PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES FROM DEFENDANTS**

NOW COMES the Plaintiff, CREATIVE TRADE GROUP INC., ("CTG") by and through their attorneys, AZULAYSEIDEN LAW GROUP, and for their Motion to Compel Discovery Responses from the Defendants INTERNATIONAL TRADE ALLIANCE INC. ("ITA") and MCGRATH-COLOSIMO LTD. d/b/a MCGRATH LEXUS OF CHICAGO ("MCGRATH"), pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, stating as follows:

1.        On or about, May 5, 2008, CTG filed lawsuit against the ITA and MCGRATH.

2.        On or about, June 26, 2008, the CTG propounded its First Set of Document Request upon MCGRATH and a separate and different First Set of Document Requests on ITA. A copy of the CTG's First Set of Document Request to ITA is attached hereto as Exhibit A and incorporated herein by reference.

3.      ITA failed to respond to the Plaintiffs' First Set of Document Requests within 30 days and or by July 25, 2008.

4.   To date, ITA has failed to respond to CTG's Document Requests despite numerous reminders via telephone and email.  ITA is now one and a half months late on said request. MCGRATH complied with the request.

5.      On or about July 15, 2008, CTG propounded CTG's First set of Interrogatories to ITA.   A copy is attached hereto as Exhibit B.

6.      To date, no response has been received despite numerous phone call and email reminders.

7.      As a result, CTG has been prejudiced in this case, particularly in taking depositions and settlement negotiations.

8.      On or about July 15, 2008, CTG propounded CTG's First Set of Interrogatories to McGrath.  A copy is attached hereto as Exhibit C.

9.      To date, no response has been received despite numerous phone calls and email reminders.

10.      As a result, CTG has been prejudiced in this case, particularly in taking depositions and settlement negotiations.

11.      Please find attached, as Exhibit D, numerous email reminders regarding said discovery requests.

WHEREFORE, the Plaintiff, CREATIVE TRADE GROUP INC., prays that this Honorable Court grant its motion to compel the Defendants, INTERNATIONAL TRADE ALLIANCE INC. and MCGRATH-COLOSIMO LTD. d/b/a MCGRATH LEXUS OF CHICAGO to answer and to respond to the outstanding discovery immediately and grant any such additional relief as this Court may deem fair and just.

Dated: September 5, 2008                    Respectfully submitted,


_____
/s/Brent S. Wikgren
AzulaySeiden Law Group
Attorneys for Plaintiff
Creative Trade Group
205 North Michigan Avenue – 40th Floor
Chicago, Illinois 60601
Telephone Number: 312-832-9200
Attorney Number: 6295544

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

_____
                                               )
MONA LISA FISHER and PETER FISHER,             )
                                               )
                    Plaintiffs,                )
                                               )
v.                                             )    Case No. 07 L 008167
                                               )
DENNIS M. FEINBERG, individually and           )
d/b/a DENNIS M. FEINBERG, ATTORNEY             )         Judge Thomas P. Quinn
AT LAW,                                        )
                                               )
                    Defendant.                 )
_____     )


## NOTICE OF MOTION

To:    Mr. Glenn Fischer
       Tribler Orpett & Meyer
       225 West Washington Street, Suite 1300
       Chicago, Illinois 60606

PLEASE TAKE NOTICE that on February _____, 2008 at _____ a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Thomas P. Quinn, or any judge sitting in his stead, in Courtroom 2202, at the Richard J. Daley Center, Chicago, Illinois, and then and there present the *Plaintiffs' Motion To Compel Discovery Responses From Defendants*, a copy of which is attached hereto and served upon you.

                              AzulaySeiden Law Group
                              Attorneys for the Plaintiffs
                              205 North Michigan Avenue – 40th Floor
                              Chicago, Illinois 60601
                              Telephone Number: 312-832-9200
                              Attorney Number: 40309

### Certificate of Service

I, Sara M. Collins, an attorney, do hereby certify that I caused a copy of the ***Plaintiffs' Motion To Compel Discovery Responses From Defendants*** to be served upon the party identified above at the address indicated by placing same in the United States Mail with proper postage prepaid at 205 North Michigan Avenue, Chicago, Illinois on February_____, 2008 before the hour of 5:00 p.m.

_____

Sara M. Collins

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| _____ )<br><br>CREATIVE TRADE GROUP, INC, )<br>a Connecticut Corporation, )<br> )<br>          Plaintiff, )<br> )<br>v. )<br> )<br>INTERNATIONAL TRADE ALLIANCE, INC., )<br>a Florida Corporation, and )<br>MCGRATH-COLOSIMO, LTD d/b/a )<br>MCGRATH LEXUS OF CHICAGO, )<br>an Illinois Corporation, )<br> )<br>          Defendants. )<br>_____ ) | Case No. 08 CV 2561<br><br>Judge Pallmeyer<br><br>Magistrate Judge Nolan |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
## TO DEFENDANT INTERNATIONAL TRADE ALLIANCE, INC.

NOW COMES the Plaintiff, CREATIVE TRADE GROUP, INC, by and through its attorneys, AZULAYSEIDEN LAW GROUP, and pursuant to Fed. R. Civ. P. 34 hereby requests that Defendant, INTERNATIONAL TRADE ALLIANCE, INC., produce the following documents for inspection and copying at the law offices of AZULAYSEIDEN LAW GROUP, 205 North Michigan Avenue, 40th Floor, Chicago, Illinois, within thirty (30) days after service hereof:

### *Definitions and Instructions*

A.      These document requests require the answering party to provide all information available, however obtained, and any and all information in the answering party, its attorneys, agents or representative's actual or constructive possession or knowledge.

B.      "CTG" refers to the Plaintiff, CREATIVE TRADE GROUP, INC., and any person, form or entity acting on its behalf or as a representative or agent thereof.

C.      "ITA" refers to the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., and any person, firm or entity acting on its behalf or as a representative or agent thereof.

D.      "McGrath" refers to the Defendant, MCGRATH-COLOSIMO, LTD. d/b/a MCGRATH LEXUS OF CHICAGO, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

E.      "TVD" refers to a non-party, TVD Global Trade USA, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

F.      "Wire Transfer" refers to the wire transfer, on or about January 18, 2008, of $171,388.00 by CTG to McGrath as advance payment for the purchase of two (2) automobiles.

G.      "Cars" refers to the two (2) automobiles, 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468), CTG purchased by making the Wire Transfer to McGrath.

H.      "Second Set of Cars" refers to the two (2) automobiles of the same model as Cars, but with different VIN numbers, that were delivered to ITA.

I.      "Delivery 1" refers to the delivery of Cars to CTG that never occurred.

J.      "Delivery 2" refers to the delivery of Second Set of Cars to ITA.

K.      Pursuant to the Federal Rules of Civil Procedure, the party or parties answering these document production requests are bound by the following duties in responding:

          a.      to conduct a reasonable investigation;

          b.      to state objections in as specific a manner as possible;

    c.    to seasonably withdraw, amend or supplement an answer if information obtained later tends to indicate the answer was or became inaccurate or incomplete; and

    d.    if, after exercising due diligence, complete responses cannot be provided, (i) to provide a response to the extent possible; (ii) to set forth in detail the reason for the inability to provide a complete response; (iii) to state whatever information or knowledge is possessed concerning the portion which is unanswered; and (iv) to state specifically what was done in an attempt to secure the unknown information.

L.    Unless otherwise indicated, the definitions and instructions set forth in the Federal Rules of Civil Procedure and any applicable local rules apply to this discovery request.  By way of addition thereto and amplification thereof, the following definitions will also apply:

    a.    The term "Document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  Not by way of limitation, but instead as examples, these terms mean any and all original and non-identical duplicates of whatever nature (whether written, recorded or graphic material) including, but not limited to, the following:

Correspondence, letters, agendas, calendars, diaries, facsimiles, logs, memoranda, messages, minutes or other memorializations, notations, records, telegrams, transcripts, written instructions, charts, booklets, brochures, charts, circulars, drawings, exhibits, films, graphs, notices, papers, pamphlets, periodicals, photographs, press releases, printouts, recordings or tapes (whether audio or visual), slides, agreements, contracts, leases, licenses, certificates, permits, registrations, and authorizations of any kind, appraisals, analyses, bank statements, bills, bills of lading, shipping documents, manifests, trip tickets, disposal records, calculations, charges, checks, evaluations, federal and/or state income tax returns, invoices, plans, projections, reports, studies, summaries, surveys, tabulations, vouchers, wage payment stubs, working papers, court orders, agreed orders, motions, petitions, pleadings, stipulations, transcripts of court proceedings.

    b.    The term "person" as used herein means a natural person, company, firm, joint venture, proprietorship, association, partnership, corporation, personal corporation, professional

corporation, agency or any other organization or entity, irrespective of whether privately or publicly owed or controlled, for profit or not-for-profit, partially or fully government controlled or formally or informally organized.

c.      The term "communication" as used herein means any transfer of information by any written, oral, electronic or other means including, but not limited to, meetings, discussions, electronic mail, correspondence, reports, statements, consultations, negotiations, transfers of information and transfers of consideration or money.

d.      The terms "regarding", "concerning", "relating", "referring", "pertaining" and their derivations, as used herein and in addition to their usual and customary definitions, shall mean describing, setting forth, evidencing, incorporating, discussing, and the like.

e.      The terms "and" as well as "or" shall be presumed to be either conjunctive or disjunctive as necessary so as to bring within the scope of this request any document that might otherwise be considered outside the scope of this request.

M.      If any ambiguity is encountered in either these document requests or the instructions thereto, the answering party shall state so and set forth the matter deemed ambiguous and the construction chosen in responding.

N.      The singular form of any word shall include the plural and the plural form shall include the singular.

O.      This request seeks production of all documents described herein prepared, sent or received by the responding party or in the possession, custody or control of either the responding party or its counsel.  Further, these requests shall be deemed continuing and seek all documents which are now or may later come into possession, custody or control of any parties to whom this request is directed.

P.    Unless otherwise set forth in any individual request, all documents hereinafter requested are those dated, produced, transmitted, received or relating to the period covered by or relevant to CTG's Complaint, whether as originally filed or amended.

Q.    If anything is deleted from a document is produced in response to a request for production, state in full the reason for the deletion and the subject matter of the deletion.

R.    If any documents requested herein or otherwise relevant to the issues in this action are subject to destruction under any document destruction program, such documents should be exempted from any such destruction until the conclusion of this action or unless permitted by Court.

S.    If any documents requested have been destroyed, lost, stolen or disposed, describe the contents of the documents, the location of any copies, the date of the documents' destruction, loss or disposal, the person who destroyed, lost or disposed of the documents, the reason the documents were destroyed, lost or disposed and the person most familiar with the contents of the documents.

T.    If any documents requested are not in the answering party's possession or custody, describe in detail the efforts made to locate and obtain the documents, a detailed description of the documents, the identity of the person who has or can obtain the documents or a copy thereof, the person who has control and the location of the documents.

U.    If any of the documents hereinafter requested is withheld based on a claim of privilege or work product, set forth, with regard to each such document, the following: (i) the nature of the privilege asserted; (ii) the date(s) it was transmitted, distributed, or otherwise provided to each person to whom it was transmitted, distributed or otherwise provided; (iii) the full name(s), address(es) and title(s) of the document's author(s) and addressee(s); (iv) the full

name(s), address(es) and title(s) of all persons who received a copy of it, including all person(s) who received blind copies; (v) the form of the document (e.g. letter, memorandum, tape, disk, etc.); (vi) the title of the document, if any; and (vii) without revealing any privileged information, the subject matter and contents of the document.

### *Document Requests*

1.      Copies of any and all documents and tangible things that are in ITA's possession, custody or control which ITA may use to support its claims and defenses.

2.      Copies of any and all documents which contain a statement or statements from or of any person with personal knowledge of any fact alleged in any pleading filed in this case.

3.      Copies of any and all documents, to which ITA was a party, reflecting or describing any negotiation for or draft of an agreement relating to the Wire Transfer.

4.      Copies of any and all documents, to which ITA was a party, reflecting or describing any negotiation for or draft of an agreement relating to Delivery 1.

5.      Copies of any and all documents, to which ITA was a party, reflecting or describing any negotiation for or draft of an agreement relating to Delivery 2.

6.      Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which ITA was a party relating to the Wire Transfer.

7.      Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which ITA was a party relating to Delivery 1.

8.     Copies of any and all documents reflecting or comprising an agreement or otherwise setting forth the terms of any agreement to which ITA was a party relating to Delivery 2.

9.     Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to the Wire Transfer.

10.    Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to Delivery 1.

11.    Copies of any and all documents or recordings, including but not limited to, correspondence, agreements, or telephone conversations, notes (handwritten or typed), letters, reports, relating in any way to Delivery 2.

12.    Copies of any and all documents and correspondence between ITA and McGrath relating to any fact alleged in any pleading in this case.

13.    Copies of any and all documents and correspondence between ITA and TVD relating to any fact alleged in any pleading in this case.

14.    Copies of any and all documents and correspondence between ITA and CTG relating to any fact alleged in any pleading in this case.

15.    Copies of any and all documents and correspondence between ITA and any non-parties relating to any fact alleged in any pleading in this case.

16.    All files, documents, or records kept or maintained as a hard copy or on the computer regarding the Wire Transfer, and the increase in ITA's account balance thereof.

17.     All files, documents, or records kept or maintained as a hard copy or on the computer regarding the Delivery, and the change in ITA's inventory thereof.

18.     All documents which constitute the administrative record or financial statements obtained or maintained by McGrath.

19.     All documents which constitute the administrative record or financial statements obtained or maintained by non-party delivery services used by ITA.

20.     Copies of any and all documents evidencing or describing title or interest in, control over or right of possession or use of Cars whether said interest be direct or indirect, including, but not limited to, title, title insurance policies, and the like.

21.     Copies of any and all documents evidencing or describing title or interest in, control over or right of possession or use of Second Set of Cars whether said interest be direct or indirect, including, but not limited to, title, title insurance policies, and the like.

22.     Copies of any and all documents which ITA intends to use, relies upon or asks to be entered into evidence at trial of this cause.

Dated: June 26, 2008

Respectfully submitted,

By: /s/ Glenn Seiden
Glenn Seiden (Bar ID# 2543761)
AZULAYSEIDEN LAW GROUP
Attorneys for the Plaintiff
205 North Michigan Avenue, 40th Fl
Chicago, Illinois  60601
(312) 832-9200
gseiden@azulayseiden.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CREATIVE TRADE GROUP, INC, <br> a Connecticut Corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL TRADE ALLIANCE, INC., <br> a Florida Corporation, and <br> MCGRATH-COLOSIMO, LTD d/b/a <br> MCGRATH LEXUS OF CHICAGO, <br> an Illinois Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08CV2561　TG <br> JUDGE PALLMEYER <br> MAGISTRATE JUDGE NOLAN |

**CREATIVE TRADE GROUP, INC'S FIRST SET OF
INTERROGATORIES TO INTERNATIONAL TRADE ALLIANCE, INC.**

NOW COMES Plaintiff, CREATIVE TRADE GROUP, INC. ("CTG"), by and through

its attorneys, AZULAYSEIDEN LAW GROUP, and as for its First Set of Interrogatories Plaintiff

states as follows and demands that Defendant, INTERNATIONAL TRADE ALLIANCE, INC.

("ITA"), complies with same within thirty (30) days of the receipt of these Interrogatories:

**Instructions and Definitions**

A.　　As used herein, the word "CTG" refers to the Plaintiff, CREATIVE TRADE

GROUP, INC., and any person, form or entity acting on its behalf or as a representative or agent

thereof.

B.　　As used herein, the word "McGrath" refers to the Defendant, MCGRATH-

COLOSIMO, LTD. d/b/a MCGRATH LEXUS OF CHICAGO, and any person, firm or entity

acting on its behalf or as a representative or agent thereof.

C.    As used herein, the word "TVD" refers to a non-party, TVD Global Trade USA, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

D.    As used herein, the word "Wire Transfer" refers to the wire transfer, on or about January 18, 2008, of $171,388.00 by CTG to McGrath as advance payment for the purchase of two (2) automobiles.

E.    As used herein, the word "Cars" refers to the two (2) automobiles, 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468), CTG purchased by making the Wire Transfer to McGrath.

F.    As used herein, the word "VIN" refers to a car's Vehicle Identification Number.

G.    As used herein, the word "Second Set of Cars" refers to the two (2) automobiles of the same model as Cars, but with different VIN numbers, that were delivered to ITA.

H.    As used herein, the word "Documents" means and includes, without limiting the generality of its meaning, originals in each instance (or copies of them if originals are unavailable) of all writings (whether handwritten, typed, printed, produced electronically, photocopied or otherwise reproduced in any manner), papers or graphic matters in the possession, custody or control of Defendants or their agents or attorneys, including, but not limited to, letters, correspondence, memoranda, minutes, notes, films, transcripts, contracts, agreements, memoranda of telephone conversations or face-to-face conversations, microfilm of telephone conversations or releases, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, sketches, drawings, statements, notices, reports, partnership agreements and amendments, articles of association, by-laws, rules, regulations, directives, teletype messages, minutes of meetings, written communications (including internal and external electronic mail), balance sheets, income and loss statements, inventories, operating budgets,

accounting work sheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, telephone messages, notebooks, postcards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations of such discs, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, résumés, summaries or paraphrases of any of the foregoing, wherever located, or material similar to the foregoing, however denominated by the parties.

I.      If a Document has been prepared in several copies or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy is a separate "Document."

J.      As used herein, the word "Identify," when used concerning a Document, means to state its author or preparer, each addressee and each person receiving indicated or blind copies or to whom the Document was distributed or disclosed, the subject matter and contents of the documents, the date the Document bears or if none the approximate date on which it was prepared, the type of document whether electronic or paper, and the Interrogatory to which the Document is responsive.

K.      The word "Identify," when used concerning a person, means to state the person's full name and any other names by which that individual was known, last known business

addresses and home addresses, and employers (including job title, address and phone number) at present, and, if different, at the time of the occurrences as set forth in the Plaintiff's Complaint.

L.     The word "Identify," when used concerning an oral conversation and/or statement, means to state the speaker's full name, the individual(s) present when the conversation took place or statement was made, the relationship of the declarant to the individual(s) present, the date the conversation or statement was made, the content of the conversation or statement, and the Interrogatory to which the conversation or statement is responsive.

M.     As used herein, the terms "relate to," "related to," "relating to" or any similar phrase means and includes, without limiting the generality of its meaning, relate to, report or reflect on, concern or pertain to, support or refute, or in any way logically or factually, directly or indirectly, connected with the matter discussed.

N.     As used herein, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

O.     As used herein, the words "person" and "persons" relates to and includes individuals, corporations, partnerships, and associations, personal corporations, professional corporations, agencies, any other organization or entity irrespective of whether privately or publicly owned or controlled, for profit or not-for-profit, partially or fully government controlled or formally or informally organized, and all other legal entities.

P.     As used herein, the word "you" or "your" shall mean any individual Defendant or agent thereof; for each Request, identify the unit within the corporation as well as the individual.

Q.     All words and phrases shall be construed as in the singular or plural, and as masculine or feminine according to the context as necessary to bring within the scope of the Requests any information which may otherwise be construed to be outside their scope.

R.     All Interrogatories shall be deemed continuing in nature so as to require supplemental answers if further information is obtained or discovered by Defendants or their attorneys between the time these Interrogatories are responded to and the time of trial, and such information shall be furnished to Plaintiff through her attorneys within a reasonable time after it becomes known or is obtained.

S.     Please provide your response to this Set of Interrogatories, together with copies of all Documents and an affidavit of completeness, by delivering the foregoing to AZULAYSEIDEN LAW GROUP, 205 N. Michigan Ave., 40th Fl., Chicago, Illinois 60601.

### Interrogatories

1.     Identify each and every person, other than counsel of record, who assisted in any capacity in preparing responses to these Interrogatories and specify the nature and extent of his or her participation or assistance.

2.     Define and characterize with particularity the nature of the business relationships between ITA and the following entities beginning in or about December, 2007 through present, including but not limited to intent of the business relationship, the individuals responsible for continuing and maintaining the business relationship, the business activities in which the entities engaged in and the duration of the business relationship:

      a.     McGrath-Colosimo, Ltd. d/b/a McGrath Lexus of Chicago; and

      b.     Creative Trade Group, Inc.

3.      Identify and describe the business procedure(s) of CTG and ITA beginning in or about December, 2007 through present including, but not limited to, buying, delivering and selling cars, identify any and all documents supporting said procedure(s), and identify any contractual agreements, oral or written, entered into by CTG and ITA. Identify the same for any and all business procedure(s) of ITA and McGrath.

4.      Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 15 of the Complaint.

5.      Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 18 of the Complaint.

6.      Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 24 of the Complaint.  In further answering, provide details relating to the delivery of the Second Set of Cars, including but not limited to the date of delivery, to whom they were delivered, how they were delivered, who received the vehicles and any amounts of money received by any person as a result of the exchange of the Second Set of Cars.

7.      Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 25 of the Complaint.

8.      Identify with specificity the facts to support your partial denial of the allegations contained in Paragraph No. 26 of the Complaint.

9.      Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 28 of the Complaint.

10.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 35 of the Complaint.

11.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 37 of the Complaint.

12.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 43 of the Complaint.

13.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 48 of the Complaint.

14.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 49 of the Complaint.

15.    Identify with specificity the facts to support your first affirmative defense.

16.    Identify with specificity the facts to support your second affirmative defense.

17.    Identify with specificity the facts to support your third affirmative defense.

18.    Identify with specificity the facts to support your fifth affirmative defense.

19.    Identify with specificity the facts to support your sixth affirmative defense.

20.    Identify any and all conversations and communications, whether oral or written, between ITA and McGrath and ITA and CTG between December 2007 and the present.  For each such conversation or communication identified, provide the date of the communication, the

identity of the parties participating in said communication and the nature of the communication, including the subject matter.

21.    Identify the current location of the Cars and the Second Set of Cars, whether each was sold, to whom each was sold, on what date each was sold, for what amount each was sold, and whether and when each vehicle was received.

22.    Any and all communications, written or oral, between McGrath and ITA to support ITA's claims to either the Cars or the Wire Transfer received by McGrath on or about January 18, 2008. For any such communication identified, please provide the date of said communication, the parties to the communication, the nature of said communication, where said communication occurred and the content of each such communication.

23.    Identify and describe the procedure relevant to the "open account" between ITA and McGrath and identify any and all documents supporting said procedure.

24.    Identify each and every contract and/or agreement entered into between ITA and the following entities between December, 2007 through the present involving a Lexus car having a model number "LX570" by stating the date the contract and/or agreement was entered into, the parties to the contract and/or agreement, who negotiated the contract and/or agreement on behalf of both parties, the terms of the contract and/or agreement and whether the contract and/or agreement was written or oral, or both:

a.    McGrath-Colosimo, Ltd. d/b/a McGrath Lexus of Chicago;

b.    Creative Trade Group, Inc.

25.    State whether any of the agreements identified in the answer to Interrogatory No. 24 was ever changed, modified, altered or revised, and if so, state further the date of the change, modification, alteration or revision, the nature of the change, modification, alteration or revision, whether the change, modification, alteration or revision was oral or written, and the party(ies) requesting the change, modification, alteration or revision.

Dated: July 15, 2008                    Respectfully submitted,

                                        /s/Glenn Seiden
                                        _____
                                        Glenn Seiden
                                        Brent Wikgren
                                        AzulaySeiden Law Group
                                        Attorneys for Plaintiff
                                        205 North Michigan Avenue, 40th Floor
                                        Chicago, Illinois 60601
                                        Telephone: 312.832.9200

## Certificate of Service

I, Brent S. Wikgren, an attorney, do hereby certify that I caused a copy of **Creative Trade Group's** *First Set of Interrogatories* to be served upon the named person below at the indicated address by United States Mail from 205 N. Michigan Avenue, Chicago, Illinois on July 15, 2008 before the hour of 5:00 p.m.

_____
Brent S. Wikgren

To:     Roman Groysman
        Ginnis & Groysman, P.A.
        600 S. Andrews Ave., Suite 406
        Fort Lauderdale, FL 33301

To:     Jonathan B. Knisley
        Arnstein & Lehr, LLP
        120 South Riverside Plaza
        Suite 1200
        Chicago, IL 60606

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE TRADE GROUP, INC, a Connecticut Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08CV2561  TG |
| | ) | JUDGE PALLMEYER |
| INTERNATIONAL TRADE ALLIANCE, INC., a Florida Corporation, and MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO, an Illinois Corporation, | ) ) ) ) ) ) | MAGISTRATE JUDGE NOLAN |
| Defendants. | ) ) | |

## CREATIVE TRADE GROUP, INC'S FIRST SET OF INTERROGATORIES TO MCGRATH LEXUS OF CHICAGO

NOW COMES Plaintiff, CREATIVE TRADE GROUP, INC. ("CTG"), by and through its attorneys, AZULAYSEIDEN LAW GROUP, and as for its First Set of Interrogatories Plaintiff states as follows and demands that Defendant, MCGRATH-COLOSIMO, LTD d/b/a MCGRATH LEXUS OF CHICAGO ("McGrath"), complies with same within thirty (30) days of the receipt of these Interrogatories:

### Instructions and Definitions

A.      As used herein, the word "ITA" refers to the Defendant, INTERNATIONAL TRADE ALLIANCE, INC., and any person, firm or entity acting on its behalf or as a representative or agent thereof.

B.      As used herein, the word "TVD" refers to a non-party, TVD Global Trade USA, and any person, firm or entity acting on its behalf or as a representative or agent thereof.

C.    As used herein, the word "Wire Transfer" refers to the wire transfer, on or about January 18, 2008, of $171,388.00 by CTG to McGrath as advance payment for the purchase of two (2) automobiles.

D.    As used herein, the word "Cars" refers to the two (2) automobiles, 2008 LX570 (JTJHY00W584000514) and 2008 LX570 (JTJHY00W284000468), CTG purchased by making the Wire Transfer to McGrath.

E.    As used herein, the word "VIN" refers to a car's Vehicle Identification Number.

F.    As used herein, the word "Second Set of Cars" refers to the two (2) automobiles of the same model as Cars, but with different VIN numbers, that were delivered to ITA.

G.    As used herein, the word "Documents" means and includes, without limiting the generality of its meaning, originals in each instance (or copies of them if originals are unavailable) of all writings (whether handwritten, typed, printed, produced electronically, photocopied or otherwise reproduced in any manner), papers or graphic matters in the possession, custody or control of Defendants or their agents or attorneys, including, but not limited to, letters, correspondence, memoranda, minutes, notes, films, transcripts, contracts, agreements, memoranda of telephone conversations or face-to-face conversations, microfilm of telephone conversations or releases, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, sketches, drawings, statements, notices, reports, partnership agreements and amendments, articles of association, by-laws, rules, regulations, directives, teletype messages, minutes of meetings, written communications (including internal and external electronic mail), balance sheets, income and loss statements, inventories, operating budgets, accounting work sheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, prospectuses, offers, orders, receipts, working

2

papers, desk calendars, appointment books, diaries, time sheets, logs, telephone messages, notebooks, postcards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations of such discs, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, résumés, summaries or paraphrases of any of the foregoing, wherever located, or material similar to the foregoing, however denominated by the parties.

H.    If a Document has been prepared in several copies or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy is a separate "Document."

I.    As used herein, the word "Identify," when used concerning a Document, means to state its author or preparer, each addressee and each person receiving indicated or blind copies or to whom the Document was distributed or disclosed, the subject matter and contents of the documents, the date the Document bears or if none the approximate date on which it was prepared, the type of document whether electronic or paper, and the Interrogatory to which the Document is responsive.

J.    The word "Identify," when used concerning a person, means to state the person's full name and any other names by which that individual was known, last known business addresses and home addresses, and employers (including job title, address and phone number) at present, and, if different, at the time of the occurrences as set forth in the Plaintiff's Complaint.

K.     The word "Identify," when used concerning an oral conversation and/or statement, means to state the speaker's full name, the individual(s) present when the conversation took place or statement was made, the relationship of the declarant to the individual(s) present, the date the conversation or statement was made, the content of the conversation or statement, and the Interrogatory to which the conversation or statement is responsive.

L.     As used herein, the terms "relate to," "related to," "relating to" or any similar phrase means and includes, without limiting the generality of its meaning, relate to, report or reflect on, concern or pertain to, support or refute, or in any way logically or factually, directly or indirectly, connected with the matter discussed.

M.     As used herein, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

N.     As used herein, the words "person" and "persons" relates to and includes individuals, corporations, partnerships, and associations, personal corporations, professional corporations, agencies, any other organization or entity irrespective of whether privately or publicly owned or controlled, for profit or not-for-profit, partially or fully government controlled or formally or informally organized, and all other legal entities.

O.     As used herein, the word "you" or "your" shall mean any individual Defendant or agent thereof; for each Request, identify the unit within the corporation as well as the individual.

P.     All words and phrases shall be construed as in the singular or plural, and as masculine or feminine according to the context as necessary to bring within the scope of the Requests any information which may otherwise be construed to be outside their scope.

Q.    All Interrogatories shall be deemed continuing in nature so as to require supplemental answers if further information is obtained or discovered by Defendants or their attorneys between the time these Interrogatories are responded to and the time of trial, and such information shall be furnished to Plaintiff through her attorneys within a reasonable time after it becomes known or is obtained.

R.    Please provide your response to this Set of Interrogatories, together with copies of all Documents and an affidavit of completeness, by delivering the foregoing to AZULAYSEIDEN LAW GROUP, 205 N. Michigan Ave., 40th Fl., Chicago, Illinois 60601.

## Interrogatories

1.    Identify each and every person, other than counsel of record, who assisted in any capacity in preparing responses to these Interrogatories and specify the nature and extent of his or her participation or assistance.

2.    Define and characterize with particularity the nature of the business relationships between McGrath and the following entities beginning in or about December, 2007 through present, including but not limited to intent of the business relationship, the individuals responsible for continuing and maintaining the business relationship, the business activities in which the entities engaged in and the duration of the business relationship:

a.    International Trade Alliance, Inc.; and

b.    Creative Trade Group, Inc.

3.    State what, if anything, McGrath knew about ITA's business of exporting vehicles to foreign countries, who at McGrath knew about ITA's business of exporting vehicles to foreign countries, including but not limited to any entities who conducted business with ITA or assisted in the export of vehicles outside of the United States.

4.    Identify the date on which McGrath received $171,388.00 from CTG, where the funds were received (including the name, address, and phone number of the business, institution, or bank), the stated purpose of the funds, who received the funds, where the funds were deposited, and if the funds were ever returned to CTG. If the funds were not returned, state with specificity the reasons for not returning same.

5.    Identify whether McGrath received a letter from CTG dated January 22, 2008, who from McGrath received the letter, when said individual received the letter, the content of the letter, to whom the letter was disseminated and whether the letter is an exact and true copy of Exhibit "B" attached to the Plaintiff's Complaint.

6.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 15 of the Complaint.

7.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 34 of the Complaint.

8.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph Nos. 35 and 54 of the Complaint. In further answering, provide details relating to the delivery of the automobiles with VINs ending in 4000468 and/or 000514, including but not limited to the date of delivery, to whom they were delivered, how they were delivered, who received the vehicles and list any amounts of money that were received by any party in connection with the delivery of said automobiles.

9.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 37 of the Complaint.

10.    Identify with specificity the facts to support your partial denial of the allegations contained in Paragraph No. 47 of the Complaint.

11.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 57 of the Complaint.

12.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 62 of the Complaint.

13.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 63 of the Complaint.

14.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 71 of the Complaint.

15.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 73 of the Complaint.

16.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 74 of the Complaint.

17.    Identify with specificity the facts to support your denial of the allegations contained in Paragraph No. 75 of the Complaint.

18.    Identify with specificity the facts to support your first affirmative defense.

19.    Identify any and all conversations and communications, whether oral or written, between McGrath and ITA and McGrath and CTG between December 2007 and the present. For each such conversation or communication identified, provide the date of the communication, the

identity of the parties participating in said communication and the nature of the communication, including the subject matter.

20.    Identify the current location of the Cars and the Second Set of Cars, whether each was sold, to whom each was sold, on what date each was sold, for what amount each was sold, and whether and when each vehicle was received.

21.    Any and all communications, written or oral, between McGrath and ITA to support ITA's claims to either the Cars or the Wire Transfer received by McGrath on or about January 18, 2008. For any such communication identified, please provide the date of said communication, the parties to the communication, the nature of said communication, where said communication occurred and the content of each such communication.

22.    Identify and describe procedure relevant to the "open account" between ITA and McGrath and identify any and all documents supporting said procedure.

23.    Identify any invoice in connection with the Second Set of Cars.

24.    Identify each and every contract and/or agreement entered into between McGrath and the following entities between December, 2007 and the present involving a Lexus car having a model number "LX570" by stating the date the contract and/or agreement was entered into, the parties to the contract and/or agreement, who negotiated the contract and/or agreement on behalf of both parties, the terms of the contract and/or agreement and whether the contract and/or agreement was written or oral, or both:

a.    International Trade Alliance, Inc.; and

b.    Creative Trade Group, Inc.

25.    State whether any of the agreements identified in the answer to Interrogatory No. 24 was ever changed, modified, altered or revised, and if so, state further the date of the change, modification, alteration or revision, the nature of the change, modification, alteration or revision, whether the change, modification, alteration or revision was oral or written, and the party(ies) requesting the change, modification, alteration or revision.

Dated: July 15, 2008                          Respectfully submitted,

                                              s/Glenn Seiden
                                              _____
                                              Glenn Seiden
                                              Brent Wikgren
                                              AzulaySeiden Law Group
                                              Attorneys for Plaintiff
                                              205 North Michigan Avenue, 40th Floor
                                              Chicago, Illinois 60601
                                              Telephone: 312.832.9200

## Certificate of Service

I, Brent S. Wikgren, an attorney, do hereby certify that I caused a copy of Creative Trade Group's *First Set of Interrogatories* to be served upon the named person below at the indicated address via email, facsimile, and United States Mail from 205 N. Michigan Avenue, Chicago, Illinois on July 15, 2008 before the hour of 5:00 p.m.

Brent S. Wikgren

To:    Roman Groysman
       Ginnis & Groysman, P.A.
       600 S. Andrews Ave., Suite 406
       Fort Lauderdale, FL 33301

To:    Jonathan B. Knisley
       Arnstein & Lehr, LLP
       120 South Riverside Plaza
       Suite 1200
       Chicago, IL 60606

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Tuesday, July 15, 2008 3:34 PM |
| **To:** | Knisley, Jonathan B.; 'Roman Groysman' |
| **Cc:** | Glenn Seiden; Sara Collins |
| **Subject:** | CTG First Set of Interrogatories to McGrath |
| **Attachments:** | 154702_1.pdf |

Mr. Groysman:

Please find attached CTG's First set of Interrogatories to McGrath.  I will also send a signed copy via facsimile and U.S. Mail.

Regards,

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Tuesday, July 15, 2008 4:39 PM |
| **To:** | Knisley, Jonathan B.; 'Roman Groysman' |
| **Cc:** | Glenn Seiden; Sara Collins |
| **Subject:** | Creative Trade Group's First Set of Interrogatories to ITA |
| **Attachments:** | 154699_1.pdf |

Mr. Groysman:

Please find attached CTG's First Set of Interrogatories to ITA.  Signed copies will also be sent to you via facsimile and U.S. Mail.

Regards,

1

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Thursday, July 31, 2008 4:32 PM |
| **To:** | 'rg@ginnisgroysman.com' |
| **Cc:** | Knisley, Jonathan B.; Glenn Seiden; 'Gregory Katz' |
| **Subject:** | IMPORTANT email from CTG |

Mr. Groysman:

We have been attempting to contact you regarding deposition dates, settlement offers etc. We have called your office, emailed you, faxed you, and tried to communicate with you via Mr. Knisley. Mr. Knisley even confirmed that you are receiving email at your new email address, and that you have received our faxes. As of the current time, we have not received any response whatsoever from you. Meanwhile you write letters stating that we are not responding to you, which is blatantly false. Since you do not respond to us, I am assuming we will see you August 5, 6, and 7th in Chicago and that ITA and McGrath are not interested in settlement negotiations. This email will be sent to you via U.S. mail and fax as well, in addition to Mr. Knisley being copied on this email. We await your reply.

Regards,

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

**From:** Knisley, Jonathan B. [mailto:JBKnisley@arnstein.com]
**Sent:** Thursday, July 31, 2008 11:49 AM
**To:** Brent Wikgren
**Subject:** RE: Michael Simon Deposition August 5 9a.m.

Brent,

You might try rg@ginnisgroysman.com I know this email address is working as of this morning.

Jonathan

**Jonathan B. Knisley**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.6904
Fax: 312.876.6297
JBKnisley@arnstein.com

Offices in Illinois, Florida, and Wisconsin

**From:** Brent Wikgren [mailto:bwikgren@azulayseiden.com]
**Sent:** Thursday, July 31, 2008 11:19 AM
**To:** Knisley, Jonathan B.
**Cc:** Glenn Seiden; Joane Acosta; Michelle Lambing
**Subject:** Michael Simon Deposition August 5 9a.m.

Jonathan,

Please make sure Roman receives a copy.  Do you have a new email for him?  My emails keep getting returned.
Thanks.

Brent

This e-mail and any attachments thereto, is intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this e-mail and any attachments thereto, is strictly prohibited. If you received this e-mail in error please immediately notify the sender at the AzulaySeiden Law Group by sending a reply e-mail or by phoning the sender at 312.832.9200 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. Thank you.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Monday, August 11, 2008 5:24 PM |
| **To:** | 'Roman Groysman' |
| **Subject:** | RE: 0095-0801 Farber, Yaroslav: RE: Motion to Limit Discovery |

Roman:

Mr. Katz went back to the hotel to sleep (after driving for over 15 hours). I have left messages for him to sign and review the final ROG's. However, he is not picking up and I can only assume he is still sleeping. I will have him fax back the signed and notarized ROG's upon his return to Connecticut, assuming I cannot get a hold of him before he departs. We have not received any ROG's from your side either (from McGrath or ITA). I assure you we are acting in good faith on the ROG's. When do you think we will receive our answers?

As for the depositions the sooner the better.

How about we let you see all records from 2006 until now as you request, just that they are for attorney's eyes and the courts eyes only. My client doesn't care that you see his records, he doesn't want your client to steal partners of his.

As for 8, I have a meeting and will be unable to be there at that time. I likely will be to the courtroom by 8:30.

Brent

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

**From:** Roman Groysman [mailto:RG@ginnisgroysman.com]
**Sent:** Monday, August 11, 2008 5:12 PM
**To:** Brent Wikgren
**Cc:** Knisley, Jonathan B.
**Subject:** 0095-0801 Farber, Yaroslav: RE: Motion to Limit Discovery

I will be speaking with my clients later this evening. Can we meet in the morning at the courthouse around 8:00 a.m.?

I am not sure that I understand what it is that you wish me to stipulate to. You client was directed numerous times not to response to basic questions regarding the alleged owners of the funds in question. It's difficult for me to stipulate to anything in this matter given that Glen's position seems to be its my clients money take his word for it. Albeit, now the position seems to be its Hazel UK money, we won't tell you who owns them but take our word for it its not Pykhnenko and/or his associates. Frankly your client was highly evasive today, and it was completely improper for Glen to raise speaking objections like "outside his ken" and/or take Mr. Katz out for discussions while I had questions pending during the deposition. Your clients reason for not disclosing the source of the funds seems more than more pretextual in light of the fact that he himself is far from a small player in this industry.

I've always been willing to work on discovery deadlines so long as opposing counsel is acting in good faith. I did not make a big deal out of the delay in getting the sworn interrogatories to me even though it is very important to have sworn rog responses from the plaintiff prior to his deposition. I find it hard to believe that it is that difficult to get your client to go over the 13 responses that he already provided to the rogs, sign and notarize them.

It seems like your side is evading discovery and/or inhibiting discovery in this case. I felt that Glenn's speaking objections and direction not to answer questions to his client were totally inappropriate and ultimately counterproductive.

---

**From:** Brent Wikgren [mailto:bwikgren@azulayseiden.com]
**Sent:** Monday, August 11, 2008 5:55 PM
**To:** Roman Groysman
**Subject:** Motion to Limit Discovery

Will you stipulate to any and all documents relating the origin and or destination of the 1/18/08 wire transfer? I'm not sure why you would want (or be entitled to) all documents from 1/1/06. Especially since I sent you the wire transfer with the UK company. If so I would stipulate to the bank supplying those documents. Otherwise, we will move to quash the subpoena in its entirety. I know you are likely off to dinner soon but I will be in the office a while longer, otherwise I will check my blackberry.

We still intend to depose the owners of ITA. When can they be available. We are willing to do these depositions over the phone but would like to do so as soon as possible.

What do you want to do about the discovery timelines tomorrow. Should we stipulate? Otherwise, the judge is likely to end discovery.

Finally, any settlement issues you would like to discuss?

Regards,
Brent

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

This e-mail and any attachments thereto, is intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this e-mail and any attachments thereto, is strictly prohibited. If you received this e-mail in error please immediately notify the sender at the AzulaySeiden Law Group by sending a reply e-mail or by phoning the sender at 312.832.9200 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. Thank you.

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Wednesday, August 13, 2008 1:03 PM |
| **To:** | 'Roman Groysman' |
| **Subject:** | discovery |

Roman:

You should have interrogatory responses to both McGrath and ITA this week.  Furthermore, you should have our formal responses to your document requests this week (although you have most everything already).  As a reminder, we still do **not** have the following from you:

1. Request to Admit from McGrath and from ITA.
2. Interrogatories from both McGrath and ITA.
3. Requests for Production from ITA (We do have from McGrath).

Please send to us as soon as possible.

Regards,

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th  Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx.  312.363.6137 | www.azulayseiden.com

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Monday, August 25, 2008 11:23 AM |
| **To:** | 'Roman Groysman' |
| **Cc:** | Knisley, Jonathan B.; Glenn Seiden |
| **Subject:** | Discovery and Depositions |

Roman:

Can we expect to hear from you today?

Regards,

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Tuesday, August 26, 2008 2:58 PM |
| **To:** | 'RG@ginnisgroysman.com' |
| **Subject:** | Re: Discovery and Depositions |

I am in trial. Any word on our discovery requests?
Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

-------------------------
Sent from my Wireless Handheld Device

---

**From:** Roman Groysman
**To:** Brent Wikgren
**Cc:** Knisley, Jonathan B.
**Sent:** Tue Aug 26 13:42:44 2008
**Subject:** RE: Discovery and Depositions
Brent:

I called and left you a voice mail. While I believe that Glenn's stated reasons for specifically picking Mike McGrath as a deponent are less than genuine, I have made several phone call to Chicago and am waiting for a response. Hopefully, I will hear back from them with dates today.

Wbrgds,
Roman Groysman

Ginnis & Groysman, P.A.
600 S. Andrews Avenue Ste. 406
Ft. Lauderdale, Florida 33301
Tel: (954) 712-0505
Fax: (954) 712-0501
email: rg@GinnisGroysman.com
Website: www.GinnisGroysman.com

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Brent Wikgren [mailto:bwikgren@azulayseiden.com]
**Sent:** Monday, August 25, 2008 12:23 PM
**To:** Roman Groysman
**Cc:** Knisley, Jonathan B.; Glenn Seiden
**Subject:** Discovery and Depositions

Roman:

Can we expect to hear from you today?

Regards,

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP

205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

This e-mail and any attachments thereto, is intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this e-mail and any attachments thereto, is strictly prohibited. If you received this e-mail in error please immediately notify the sender at the AzulaySeiden Law Group by sending a reply e-mail or by phoning the sender at 312.832.9200 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. Thank you.

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Tuesday, August 26, 2008 4:32 PM |
| **To:** | 'Roman Groysman' |
| **Cc:** | Glenn Seiden; Knisley, Jonathan B. |
| **Subject:** | RE: Discovery and Depositions |

If I am correct, Glenn's email said we will forego Farber's deposition, not Przbylski's. All we need from Farber is a signed and notarized affidavit from Farber stating and listing all emails used by him both personally and by ITA in the last two years. Please let me know whether your client wishes to do this though, as we have already contacted a translator and a court reporter to be at your office on September 3rd. I want to be sure we give significant cancellation notice should Farber choose to prepare the affidavit.

Brent

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

**From:** Roman Groysman [mailto:RG@ginnisgroysman.com]
**Sent:** Tuesday, August 26, 2008 3:13 PM
**To:** Brent Wikgren
**Cc:** Knisley, Jonathan B.
**Subject:** RE: Discovery and Depositions

I'll get the disco responses to you out by Friday.

In his e-mail Glenn said that he will forego Farber's and Przybylski's depositions if they provide him with some sort of an affidavit stating all e-mail addresses (personal and business) used by them in the past 18 mos? Did I understand this correctly? Can you explain what it is that you guys want exactly?

Roman Groysman

Ginnis & Groysman, P.A.
600 S. Andrews Avenue Ste. 406
Ft. Lauderdale, Florida 33301
Tel:  (954) 712-0505
Fax: (954) 712-0501
email: rg@GinnisGroysman.com
Website: www.GinnisGroysman.com

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and

it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Brent Wikgren [mailto:bwikgren@azulayseiden.com]
**Sent:** Tuesday, August 26, 2008 3:58 PM
**To:** Roman Groysman
**Subject:** Re: Discovery and Depositions

I am in trial. Any word on our discovery requests?
Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

-------------------------
Sent from my Wireless Handheld Device

---

**From:** Roman Groysman
**To:** Brent Wikgren
**Cc:** Knisley, Jonathan B.
**Sent:** Tue Aug 26 13:42:44 2008
**Subject:** RE: Discovery and Depositions
Brent:

I called and left you a voice mail. While I believe that Glenn's stated reasons for specifically picking Mike McGrath as a deponent are less than genuine, I have made several phone call to Chicago and am waiting for a response. Hopefully, I will hear back from them with dates today.

Wbrgds,
Roman Groysman

Ginnis & Groysman, P.A.
600 S. Andrews Avenue Ste. 406
Ft. Lauderdale, Florida 33301
Tel: (954) 712-0505
Fax: (954) 712-0501
email: rg@GinnisGroysman.com
Website: www.GinnisGroysman.com

---

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed

by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Brent Wikgren [mailto:bwikgren@azulayseiden.com]
**Sent:** Monday, August 25, 2008 12:23 PM
**To:** Roman Groysman
**Cc:** Knisley, Jonathan B.; Glenn Seiden
**Subject:** Discovery and Depositions

Roman:

Can we expect to hear from you today?

Regards,

Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

This e-mail and any attachments thereto, is intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this e-mail and any attachments thereto, is strictly prohibited. If you received this e-mail in error please immediately notify the sender at the AzulaySeiden Law Group by sending a reply e-mail or by phoning the sender at 312.832.9200 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. Thank you.

3

**Brent Wikgren**

| | |
|---|---|
| **From:** | Brent Wikgren |
| **Sent:** | Friday, August 29, 2008 10:34 AM |
| **To:** | 'RG@ginnisgroysman.com' |
| **Subject:** | Re: CTG vs. ITA [AZULAYSEIDEN-WORKSITE.FID355122] |

Do we get our discovery today as promised?
Brent Wikgren
Attorney at Law

AZULAYSEIDEN LAW GROUP
205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com

--------------------------
Sent from my Wireless Handheld Device

---

**From:** Roman Groysman
**To:** Brent Wikgren
**Sent:** Fri Aug 29 10:13:04 2008
**Subject:** Re: CTG vs. ITA [AZULAYSEIDEN-WORKSITE.FID355122]
Brent

We have no problem giving you thevaffidavir provided thatchou confirm that Farber won't be deeposed under some pretext later anyway.

from my iPhone

On Aug 27, 2008, at 3:31 PM, "Brent Wikgren" <bwikgren@azulayseiden.com> wrote:

> FYI
>
>
>
> Brent Wikgren
>
> Attorney at Law
>
>
>
> AZULAYSEIDEN LAW GROUP
>
> 205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601
>
> ph. 312.832.9200 x137 | fx. 312.363.6137 | www.azulayseiden.com
>
> **From:** Joane Acosta
> **Sent:** Wednesday, August 27, 2008 2:31 PM
> **To:** Brent Wikgren
> **Cc:** Glenn Seiden
> **Subject:** CTG vs. ITA [AZULAYSEIDEN-WORKSITE.FID355122]

Court reporter ordered for the dep of Mr. Farber next week and will be at Mr. Groysman's office at 10:00.  Russian Interpreter ordered to be here at 9:00.  If you have any questions, please let me know.  Thanks.


Joane Acosta

Legal Assistant


# AZULAYSEIDEN LAW GROUP

205 North Michigan Avenue | 40th Floor | Chicago, Illinois 60601

ph. 312.832.9200 x220 | fx.  312.832.9212 | www.azulayseiden.com

This e-mail and any attachments thereto, is intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this e-mail and any attachments thereto, is strictly prohibited. If you received this e-mail in error please immediately notify the sender at the AzulaySeiden Law Group by sending a reply e-mail or by phoning the sender at 312.832.9200 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. Thank you.